GEORGE W. GALLUP v. ALPHA JACKSON ET AL.

*Filial piety—Support of aged parent.*

A person took a conveyance of land from his mother in consideration of which he was to support her for the rest of her life.   But he shifted the burden upon a debtor whose mortgage he held, bargaining to allow him upon it a dollar a week, which was to be increased to a reasonable compensation when she became more infirm, as she did two years later.   The mortgage was to secure about $700, due in four years.   For seven years the creditor endorsed $50 a year upon the mortgage ; for the next four years, $75 ; and for the next three, $100.   It was shown that after the mother became infirm, from three to five dollars a week would have been a reasonable compensation for her board and care, and after she left the debtor's house her son in fact paid three dollars a week therefor.   *Held,* that a bill to foreclose the mortgage should be dismissed, and the mortgage discharged as fully paid.

Appeal from Lenawee.    Submitted Jan. 6.    Decided Jan. 18.

FORECLOSURE.   Complainant appeals.   Dismissal affirmed.

*A. &. C. A. Blair* for complainant.

*Millard & Bean* for defendant.

MARSTON, J.    The bill of complaint was filed in this case to foreclose a mortgage given by Joseph. J. Jackson,

December 1st, 1863, to secure the payment of $689.09 in four years from the date thereof with ten per cent. annual interest. The amount claimed to be due was upwards of $900.

The answer set up as a defence thereto, that the mortgage had been paid by virtue of an agreement made between the complainant and mortgagor, that the latter should receive into his family Lucy Gallup, the mother of complainant, and board and take care of her at the expense of the complainant to be allowed and applied upon the mortgage; that for a time the price of such board and care should be one dollar per week, and when she became more infirm the price was to be increased to a reasonable compensation.

That an agreement was made under which the complainant's mother was to be taken care of by the mortgagor; that he was to be credited on the mortgage debt therefor, and that she lived with the mortgagor and was cared for by him in a manner satisfactory to all, from 1863 to 1878, are facts not disputed. The complainant and defendants also agree that one dollar per week was the price agreed upon at first, but disagree as to the fact that an increased amount should at any time be allowed thereafter. It does not appear that the mortgagor and mortgagee had any settlement during the life-time of the mortgagor, and although endorsements appear to have been made upon the mortgage it does not appear that the mortgagor had any knowledge pertaining thereto.

Upon the principal fact in dispute there is a direct conflict in the testimony. Yet looking at all the evidence touching directly upon this subject, we think the weight thereof is in favor of the defendant's theory. The evidence is clear and satisfactory that Mrs. Gallup's health very materially changed for the worse, after she had been living with the mortgagor about two years, and the witnesses on the part of the defendants say that from three to five dollars per week would be a reasonable compensation for boarding and taking care of her thereafter.

Since Mrs. Gallup left Jackson's complainant has paid $3

per week for her board and care.    The complainant, in con-sideration of the conveyance of certain lands to him, assumed the care and support of Mrs. Gallup during her life-time.    The endorsements made upon the mortgage by the complainant for each of the years 1864 to 1870 inclu-sive was $50, and he does not seem to have called upon the mortgagor to pay any additional amount, although this was short of the annual interest called for by the mortgage, and was not quite the one dollar per week which he concedes he was to pay.    For the years 1871 and 1874 inclusive $75 per year was endorsed, and $100 per year for the years 1875, '6 and '7 ; and why the endorsements were increased to $75 and $100 is not explained.    Looking therefore at the direct testimony in the light of all the circumstances, we are satisfied that the defendants' view is correct.    The prob-abilities are all in favor of that view and it is the only just and equitable one that can be taken.

We are of opinion, therefore, that the mortgage has been fully paid and should be discharged and cancelled. The decree dismissing the bill will be affirmed with costs.

The other Justices concurred.