No. 13,499.

BRAKE v. SPARKS ET AL.

MORTGAGE.—*Payments.—Application of.—Forfeiture.*—Where the owner of real estate, who is indebted to the mortgagee thereof only to the extent of the mortgage debt, pays sums of money to the mortgagee from time to time, a part of which is ostensibly for rent, with no agreement as to where the money so paid shall be applied, except that if the mortgagor shall pay the mortgage debt within a certain time the sums paid as rent shall be applied thereon, such payments will, in the absence of a stipulation for a forfeiture, be applied upon the mortgage debt.

CONTRACT.—*Admission in, as to Amount Due.—Avoidance.—Reformation.*—Where a contract contains an admission as to the amount due from the defendant to the plaintiff, it is not necessary for the former to ask a reformation thereof, but an answer alleging that the contract was drawn by the plaintiff, and that he erroneously, either purposely or inadvertently, inserted an amount greater than that due from the defendant, is sufficient to avoid the effect of the admission.

From the Vigo Circuit Court.

*S. B. Davis* and *S. C. Davis*, for appellant.

*C. F. McNutt*, *J. G. McNutt*, *F. A. McNutt* and *D. N. Taylor*, for appellees.

OLDS, J.—This action was brought by appellant upon seven promissory notes and to foreclose a mortgage given to secure the same. The notes were executed by appellee Richard J. Sparks to Mary G. Messer, and the mortgage was executed by Mary E. and Richard J. Sparks to secure the notes, which were given for the purchase-money of the real estate described in the mortgage, as appears from the mortgage. Appellant became the owner of the notes and mortgage by endorsement from Mary G. Messer. Appellee George W. Crapo purchased the real estate, and assumed the payment of the mortgage debt as a part of the consideration.

Appellees jointly answered, admitting the facts stated in the complaint, but averring that, on the 5th day of July, 1881,

the appellant entered into a written agreement in the following words and figures, to wit:

"TERRE HAUTE, INDIANA, July 5th, 1881.

"Received of R. J. Sparks forty dollars to be applied on rent of house at the rate of fifteen dollars per month, in advance, from March 1st, 1881; and if said Sparks wishes to pay for said house and lot as per mortgage given to Mrs. Messer, then the above payments and all subsequent payments until March, 1882, to apply on said notes mentioned in said mortgage. Said Sparks further agrees to give possession on March 1st, 1882, or sooner, if he feels unable to pay out as per mortgage above mentioned.        JOHN J. BRAKE."

That on said day and thereafter, in pursuance of said writing, Sparks and Sparks made sundry payments up to March 24th, 1882, amounting in all to one hundred and ninety dollars.    That afterwards, on the 25th day of April, 1882, the plaintiff and defendant R. J. Sparks entered into a written agreement in the words and figures following:

"Whereas Richard J. Sparks is indebted to John J. Brake in the sum of thirteen hundred dollars and interest from November 11th, 1879, which amount is covered by notes secured by a mortgage made by said Sparks to Mary G. Messer (and by her assigned to said Brake), and recorded in record —, page —, of Vigo county and State of Indiana; and whereas two of said notes, and interest on all of said notes, are now overdue, it is agreed by said Sparks and Brake that Sparks shall pay fifteen dollars on the 25th day of April, 1882, and a like sum on the 20th day of each succeeding month until April 20th, 1883, at which time or sooner, at the option of Sparks, he is to pay all that may be due on said notes, deducting the fifteen dollars monthly payments; failing to pay the monthly payments, or what may be due by the 20th of April, 1883, Sparks is to convey the premises, described in the mortgage heretofore mentioned to Brake, by warranty deed in fee simple, free from all encumbrances. Sparks further agrees to keep insurance of eight hundred

dollars in some good and reliable insurance company, to be paid to Brake in case the dwelling on the premises is destroyed or injured by fire.

" Witness our hands this 25th day of April, 1882.

" JOHN J. BRAKE.
" R. J. SPARKS."

That on said day and thereafter, Sparks and Sparks, in pursuance of said written agreement, made divers payments which were endorsed and credited on the same by Brake, amounting to one hundred and ninety-five dollars; that Brake drafted the agreement, and erroneously, either purposely or inadvertently, recited the amount due as being thirteen hundred dollars, and interest from November 11th, 1879, when in truth and in fact the sum due was thirteen hundred dollars and interest, less the payments made under the contract of July 5th, 1881; that after the execution of the contract of April 25th, 1882, Sparks and Sparks, finding themselves unable to pay the residue of the purchase-money, offered to convey the real estate in accordance with the terms of said written agreement, the same real estate mentioned and described in the mortgage sued upon; that the appellant, Brake, declined to receive the conveyance, and requested defendants to make such disposition of it as they could, as he preferred the money to the land; that afterwards Sparks and Sparks conveyed the same to Crapo as admitted, Crapo assuming and undertaking to pay the mortgage debt. It is further alleged in the answer, that Crapo made other payments and tendered the balance due on the notes, after deducting the amount paid under the contracts set out, to appellant, and brought the amount tendered and due into court and asked judgment in their favor for costs.

To this answer appellant demurred. The court overruled the demurrer, to which ruling the appellant reserved exceptions. Appellant then replied. Trial was had before the court without a jury, finding for appellant in the sum of

$903.50, and judgment against R. J. Sparks and G. W. Crapo, and a decree of foreclosure against all of appellees.

Appellees moved the court to tax the costs of the issue of payment to appellant, which motion the court sustained and appellant excepted. Appellant moved the court for a new trial, which was overruled by the court, to which ruling appellant excepted. .

The first error assigned is the overruling of the demurrer to the answer. It is contended by counsel for appellant that the answer is insufficient; that the first contract is a conditional one; that if Sparks failed to pay the mortgage debt within the time fixed he can have no credit for any payment of rent on the debt, and that the parties recognized this construction by reason of the fact that the second contract contains the admissions that there was at that time $1,300, with interest from November 11, 1879, due Brake on the notes and mortgage, and that there is not a proper averment in the answer of such recital and admission being inserted in the contract through fraud or mistake to avoid the admission, and no prayer for reformation of the contract. This action is brought for judgment for the amount of the principal and interest due on the notes and for foreclosure of the mortgage. No allusion is made in the complaint to either of the contracts or to the receipt of any rent.

The answer is pleaded as a bar to the action on the theory that the amount paid under these contracts applied as payment, and liquidated so much of the debt, and alleges that other sums had been paid, reducing the amount due to a sum stated, and that the sum due had been tendered and brought into court. To show the manner and by what arrangements the money was paid, they set out these contracts in the answer; then, to avoid the force of an admission that there was $1,300, and interest from November 11, 1879, due at the time of making the last contract, they allege that in fact there was not that amount due; that there was only due said amount, less the amount paid on the first contract; that the

contract was drawn by appellant and the amount was erroneously, either purposely or inadvertently, inserted in the agreement.

There is no stipulation in either of these contracts that the money paid should be forfeited in case Sparks should fail to pay the full amount due on the mortgage debt within the time stated in the contracts. The action was brought upon the notes and for foreclosure of the mortgage. By these contracts it is shown that under the first contract the appellant had received $190 from appellee Sparks, which was paid as rent on the mortgaged premises, and under the second contract appellant had received from Sparks $195, which is not even shown to have been paid as rent. It is averred in the answer that Sparks offered to convey the real estate to appellant in satisfaction of the mortgage debt, and appellant refused to accept a conveyance, and brings this suit for his mortgage debt. It is not inconsistent with any of the provisions of the contract to apply the amounts paid on the mortgage debt. There is no provision at all as to where it shall be applied, except if appellee Sparks pay the debt within the time stated. In case he fails to pay the whole debt within the time fixed by the contract, it leaves Sparks in the position of having made payments of money to appellant when he was in no way indebted to appellant except on the mortgage debt, and he now asks that such payments be applied as credits on the debt. There being no stipulation for the forfeiture of the money, the court will not hold that there was a forfeiture. The appellees were clearly entitled to have the amounts paid under these contracts applied in satisfaction of the mortgage debt.

The recital in the second contract being no more than an admission of the amount then due, there was no necessity for a reformation of the contract, and the averment in the answer that it was drafted by the appellant, and erroneously, either purposely or inadvertently, inserted, and that there was in fact not that amount due at the time,

is a sufficient averment to avoid the effect of the admission. There was no error in overruling the demurrer to the answer.

The evidence fully supports the finding and judgment of the court, under the construction we have given to the contracts. The question of the ruling of the court on the motion to tax costs is not presented by the record. We find no error in the record.

Judgment affirmed, with costs.

