Annie M. Holcomb, Respondent, *v.* Emma D. Campbell, Appellant.

Where a mortgagee agrees that a debt due by him to the mortgagor shall be applied in payment of the mortgage, the omission of the former to indorse the payment on the mortgage, does not alter the effect of the agreement as a payment, and an assignee of the mortgage takes it subject to the payment.

Neither a mortgagee nor his assignee derives "his title or interest from, through or under" the mortgagor within the meaning of the provision of the Code of Civil Procedure (§ 829) prohibiting a party from being " examined as a witness in his own behalt or interest * * * against * * * a person deriving his title or interest from, through or

under a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person.

Where therefore a husband and wife united in a mortgage of land owned by the former, both covenanting to pay the amount secured thereby, and the former died leaving a will by which he devised the lands to his wife, *held,* that the wife was not prohibited by said provision from testifying as against an assignee of the mortgage to certain transactions and agreements between her husband and the mortgagee to the effect that certain accounts found due her husband from the mortgagee on settlements of accounts between them should be applied as payments upon the mortgage.

Also, *held,* that her testimony as to what was said between her husband and the mortgagor in connection with each transaction, explaining the same, was competent.

*Mem.* of decision below (42 Hun, 398).

(Argued November 25, 1889, decided December 10, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 14, 1886, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to restrain certain proceedings, by advertisement, for the foreclosure of a mortgage given by George P. Holcomb and the plaintiff, his wife, to Henry H. and Ephraim Alderman, on the 19th of April, 1869, to secure the payment of $4,500 with annual interest.

Fifteen hundred dollars of the principal was payable on the 19th of April, 1870, and the balance in three equal annual installments. The mortgage contained a covenant on the part of both mortgagors to pay said sums. Said George P. Holcomb owned the premises covered by the mortgage from the date thereof until his death on September 3, 1883. By his last will and testament, which has been duly admitted to probate, the title passed to the plaintiff, who was in possession as owner when this action was commenced in November, 1884. On July 19, 1884, said bond and mortgage were assigned by the mortgagees to the defendant, who in August following commenced a foreclosure by advertisement, claiming that there was then due and unpaid the sum of $1,109.97. The referee before whom the action

was tried found that "on the 1st day of April, 1874, as then appeared from the payments which had been made and indorsed upon said bond and mortgage, there was due from the said George P. Holcomb to the said Aldermans the sum of $644.50." He also found that subsequently said George P. Holcomb and the mortgagees settled certain accounts in relation to dealings had between them in lumber and bark, and that they agreed that there was due to the former from the latter the following sums, to wit:

In April, 1874, $300; in September of the same year, $349.50, for which a receipt was given containing an agreement on the part of said Aldermans to indorse the same upon the bond and mortgage; in August, 1875, the further sum of $55, and in September, 1876, $130 additional.

The referee also found that before said bond and mortgage were assigned to the defendant "the same had been paid, principal and interest, and more than paid."

Judgment was ordered and entered perpetually restraining said proceedings and requiring the bond to be surrendered to the plaintiff and the mortgage to be discharged of record.

*R. E. Andrews* and *Levi F. Longley* for appellant. The referee erred in allowing plaintiff to testify as to the general looking over of accounts and bills on several occasions. The agreement as sworn to by her did not constitute a payment under the statute of frauds, and a testimony of an accord and satisfaction was insufficient and void, because "a parol agreement cannot be received in evidence to prove a plea of accord and satisfaction to an action of debt on bond." (6 Wait's Act and Def., 423, *Stark* v. *Boswell*, 6 Hill, 406; *James* v. *Chalmers*, 6 N. Y. 209; *Seeley* v. *Engel*, 17 Barb. 530–535; *Smith* v. *Schanck*, 18 id. 344; *Worrall* v. *Parmlee*, 1 N. Y. 519; *Mattice* v. *Allen*, 3 Abb. Ct. App. 248–250; *Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 6, 27; *Pratt* v. *Foote*, 9 id. 463, 466; *Therasson* v. *Peterson*, 4 Abb. Ct. App. Dec. 399; *Mitchell* v. *Hawley*, 4 Denio, 417; 1 Ch. Pl. 521; 2 id. 996; 2 Saund. Pl. & Ev. 712, 713, 717; Dyer, 25; 2 R. S. 353, §§ 11, 12,

13; 1 R. L. of 1813, 517, § 5; *Panzerkiter* v. *Waydell*, 21 Hun, 161–162; *Davis* v. *Spencer*, 24 N. Y. 386; *Whitehouse* v. *Bk. of Cooperstown*, 48 id. 239; *Van Etten* v. *Trondden*, 3 T. & C. 607; *Yates* v. *Rosecrans*, 37 N. Y. 409; *E. F. A.* v. *Cuyler*, 75 id. 516; *Perrin* v. *Hotchkiss*, 2 T. & C. 370; 59 N. Y. 649; Code Civ. Pro. 397.) The defendant is estopped. (Herman on Estoppels, § 320; 6 Waite's Act. & Def. 694; *Mitchell* v. *Reed*, 9 Cal. 204.) This testimony was incompetent under the Code (§ 829); it purported to be a narration of transactions and communications at several interviews in the presence of the witness between her deceased husband, the maker of the mortgage, and Ephriam Alderman, then one of the holders thereof, which resulted each time in an agreement as to certain amounts due her husband from the holders of the mortgage and which were afterwards to be indorsed upon the mortgage. (Code Civ. Pro., § 829; Morrill on Comp. & Priv. of Wit. 31, 51; *Pope* v. *Allen*, 90 N. Y. 298; *Smith* v. *Cross*, 90 id. 549; *Holcomb* v. *Holcomb*, 95 id. 316; *Hood* v. *Teeter*, 10 Hun, 548; *Wilson* v. *Reynolds*, 31 id. 46; *Price* v. *Price*, 33 id. 69; 95 N. Y. 327; *In re Eysamon*, 113 id. 62; *Mills* v. *Davis*, id. 243.) It is only where improper evidence has been received, without objection, that a motion to strike out is necessary. (2 Rumsey's Pr. 303.)

*James Lansing* for respondent. The decision of a referee upon a question of fact made upon conflicting evidence, and approved by the General Term, concludes this court. (Code Civ. Proc., § 1337; *Marx* v. *Mc Glynn*, 88 N.Y. 369; *Haynes* v. *Mc Dermott*, 91 id. 451.) The assignee of the bond and mortgage herein took it subject to all the equities existing between the original parties thereto, and she stands precisely in the shoes of her assignors. (*Bush* v. *Lathrop*, 22 N. Y. 535; *Trustee, etc.,* v. *Wheeler*, 61 id. 114; *Bennett* v. *Bates*, 94 id. 354; *Davis* v. *Bechstein*, 69 id. 440; *Seligman* v. *Dudley*, 14 Hun, 186; *N. F. Ins. Co.* v. *McKay*, 21 N. Y. 194; *Andrews* v. *Gillespie*, 47 id. 487; *Briggs* v. *Langford*, 107 id. 680; *Prouty* v. *Price*, 50 Barb. 344; *Niagara*

*Bank* v. *Rosevelt*, 9 Cow. 409.) Where a mortgagee or his assignee seeks to foreclose, by advertisement, a paid mortgage, or one against which there exists a set-off or counter-claim, or other defense, which renders it inequitable that it should be enforced or remain an apparent lien upon the lands of the mortgagor, the latter, or his grantee, has a right to restrain such foreclosure by injunction, and may have judgment requiring satisfaction of record, and the cancellation and delivery of said bond and mortgage. 1 (Story's Eq. Juris. § 705 ; *Shaw* v. *Dwight*, 27 N. Y. 244 ; *Sutherland* v. *Rose*, 47 Barb. 144 ; *Davis* v. *Spencer*, 24 N. Y. 386 ; *Morehouse* v. *S. Nat. Bk.* 98 N. Y. 503 ; *Hartley* v. *Tatham*, 2 Abb. Ct. App. Dec. 333 ; *Therasson* v. *Peterson*, 4 id. 396.) While an accord and satisfaction will not discharge a specialty debt ; it is well settled that it will discharge *damages* arising from the breach of a specialty. (*Mitchell* v. *Hawley*, 4 Denio, 414 ; *Strang* v. *Holmes*, 2 Cow. 224 ; *Lawrence* v. *Barker*, 9 Daly, 140 ; *Allen* v. *Jaquish*, 21 Wend. 628.) The agreement was not one of sale or transfer and was not, therefore, within those provision of the statute of frauds. (*Brand* v. *Brand*, 49 Barb. 346 ; 48 N. Y. 675.) A party, cannot, upon a trial, take issue upon the allegations of fact, without reference to pleadings, and when beaten, seek to change the issue, or defeat a recovery upon grounds which might have been obivated on the trial. (*Salsbury* v. *Howe*, 87 N. Y. 123 ; *Knappe* v. *Simon*, 96 id. 292.) Declarations of an assignor or party which are a part of the *res gestae* are competent, and those of a party even when made in his own favor. (*Swift* v. *M. L. Ins. Co.*, 63 N. Y. 186 ; *Enos* v. *Tuttle*, 3 Conn. 250 ; *Wetmore* v. *Mell*, 1 Ohio, 26 ; *Roche* v. *Howell*, 6 Watts and Sarg. 350 ; *Smith* v. *Schanck*, 18. Barb. 344 ; *Jermain* v. *Denniston*, 6 N. Y. 276.)

Vann, J. As the question of fact arising between the parties was decided by the referee in favor of the plaintiff, upon a conflict of evidence, and the General Term has affirmed his decision, we are not permitted by the statute defining the

powers of this court to review his determination in that regard. (Code Civ. Pro. § 1337; *Hynes* v. *McDermott*, 91 N. Y. 451.)

The appellant, however, claims that certain evidence given by the plaintiff, upon which the referee is presumed to have based his main findings of fact, was erroneously received and insists that the judgment against her should be reversed on this account. It is urged that the referee erred, both in admitting and in giving effect to the following testimony of the plaintiff when she was upon the stand as a witness in her own behalf:

"There was a general looking over of accounts and bills on several occasions; the first looking over was September 1, 1874, (when) $349.50 was found due my husband to be indorsed on bond and mortgage; second interview was in April, 1875, $300; third interview August, 1875, $20 and $35; September, 1876, $130.20, all due my husband from Aldermans. I recollect the transaction of April, 1874, the sum then agreed upon was $300; know George Holcomb's handwriting, signature to receipt; saw Ephraim Alderman make his mark; all these sums were to be indorsed upon the mortgage."

This testimony was given by the plaintiff in answer to a question by her counsel asking her to "state what was said and done at each of these interviews between your husband and the Aldermans, in which you did not participate." This was objected to by the defendant's attorney "the same as to the former questions; also on the further grounds that it calls for the statement, actions and declarations of third parties, and as being hearsay and in the absence of the defendant." The objection was overruled and the defendant excepted. The last question preceding was objected to as incompetent under section 829 of the Code of Civil Procedure, as well as upon other grounds.

This evidence was not the mere declaration, in his own behalf, of Holcomb, one of the mortgagors, nor the simple admission of Alderman, at the time one of the holders of the

mortgage, but it was a business transaction between debtor and creditor, involving both acts and words. There was a general looking-over of accounts and bills and a balance was found due Mr. Holcomb, which it was agreed should be indorsed upon the mortgage. What was said during the interview, in the ordinary course of the business and as a necessary part thereof, was admissible as original evidence from its connection with the principal fact under investigation, to illustrate its character. As the acts of the parties at the time were competent, their statements made in connection with those acts, explaining the transaction, were also competent. (Greenleaf's Ev. § 108; 1 Phillips Ev. 231; Stephens Digest, 79.)

It is clear that a payment of money by the mortgagor to the mortagee could be shown, even as against a subsequent holder of the mortgage, and it is equally clear that the declaration accompanying the act of payment that it was to be applied upon the mortgage could also be shown. "When words go with an act the nature of which is the subject of inquiry, they are taken as original evidence, because what is said at the time is legitimate, if not the best evidence of what was passing in the mind of the actor." (*Swift* v. *Mass. Mut. Life Ins.*, *Co.* 63 N. Y. 186, 190.) "An agreement is an act done and thereby differs from a simple declaration. It is provable in like manner as a payment in money or property would be." (*Smith* v. *Schanck*, 18 Barb. 344, 346.)

The objection that this testimony was incompetent under section 829 of the Code does not appear to have been argued at the General Term. Disregarding the attempt to limit the evidence by excluding that part of the interview in which the witness might have participated, was the testimony competent whether she participated or not? Did she testify against a person who derived title through or under a deceased person? Did the defendant, the assignee of the morgage, derive title from George P. Holcomb, the deceased mortgagor? What is the meaning of the phrase "a person deriving his title or interest from, through or under a deceased person" as used in the Code of Civil Procedure? (§ 829). The co-relative phrase

in the corresponding section of the old Code was "heir at law, next of kin, assignee, legatee (or) devisee," no part of which would apply to the defendant, as she was not the heir at law, next of kin, assignee, legatee or devisee of George P. Holcomb, deceased. (Code of Procedure, § 399.) The expression "deriving his title or interest," when applied to the defendant, means the title to the bond and mortgage, because she had derived title to nothing else from any source. Did she derive her title to the bond and mortgage from George P. Holcomb, deceased?

In *Pope* v. *Allen*, (90 N. Y. 298) it was held that the owner of land derives his title thereto, within the meaning of the section in question, not only from his immediate grantor, but also through him, from remote grantors. By analogy it would follow that the assignee of a mortgage derives title thereto not only from his immediate assignor but also through him, from all former assignors. (*Smith* v. *Cross*, 90 N. Y. 549.) This does not meet the point under consideration, for assuming that the assignee of a mortgage derives title from all his predecessors in title, does he also derive title to the mortgage from the mortgagor? In other words, can any one, even the mortgagee, be said to derive title to the mortgage from the mortgagor? Assuming that a mortgage is a chose in action, giving no legal estate in land but simply a lien thereon to secure a debt, (*Trustees Union College* v. *Wheeler*, 61 N. Y. 88), it cannot be created without the joint action of both the mortgagor and the mortgagee. The one must execute and deliver and the other accept before the contract is complete and the mortgage in existence. There must also be a consideration furnished by the mortgagee or in his behalf. Until the minds of the mortgagor and the mortgagee meet, there is no mortgage. The mortgagee, therefore, does not derive title to the mortgage from the mortgagor, but holds it as a party to the contract, which was incomplete until it received his assent. As one of the creators of the instrument, he becomes the original possessor. Clearly the mortgagor can have no title to the mortgage, so-called, even after it is executed and ready for delivery, because it is not yet a mortgage, except

in form and only becomes such in reality by the action of the mortgagee. The mortgagor does not transfer the title to the mortgage, because he never had it, but he aids in making a contract which when finished by the assent of the mortgagee becomes a mortgage, the title to which can be transferred by the latter only. This case does not impress us as coming within the spirit of the section, the general object of which was to prevent the survivor of an interview from giving a version that could not be contradicted. (Morrill on Comp. & Priv. of Witnesses, 8; *Pinney* v. *Orth*, 88 N. Y. 451.)

Where a husband and wife unite in giving a mortgage to two mortgagees and subsequently a payment thereon is arranged or made by the husband to one of the mortgagees, in the presence of the wife, the latter should not be prevented from testifying to what occurred, because her husband had died, when the mortgagees were still living and competent to give evidence, She would not be testifying against the successor in interest of a deceased person. If not disqualified as a witness against the mortgagees, she would not be, under the circumstances, against the assignee of the mortgage, as otherwise the mortgagees could disqualify her by their own act. We think, therefore, that the plaintiff was a competent witness in her own behalf, as against the defendant, to prove the settlement in question, even if it involved a personal communication between herself and her deceased husband.

It is contended that it should be assumed from the form of the question, which was not objected to on that ground, that the plaintiff did not participate in the interviews under consideration, but as to this we express no opinion.

There was no error in the conclusion of the referee that the mortgage was paid, although the mortgagees omitted to indorse the amounts found due to the mortgagor as payments on the mortgage, because "an agreement that a debt due or to become due shall be deemed *pro tanto* a payment on a debt due from the creditor operates as a satisfaction." (*Davis* v. *Spencer*, 24 N. Y. 386, 391.) The omission to indorse cannot affect the rights of the plaintiff. (*Bennett* v. *Bates*, 94 N. Y.

354, 362.)   If the evidence was inadmissible under the plead-
ings, the defendant failed to object thereto upon that ground,
and also failed to move to dismiss the complaint because the
proof was not within the allegations thereof.   Under such cir-
cumstances, as was held in *Knapp* v. *Simon* (96 N. Y. 284,
292), this court "will consider the case upon the cause of
action disclosed by the evidence, and disregard any objections
to the sufficiency of the pleadings which were not made in the
court below."   (*Southwick* v. *First Nat. Bk.*, 84 N. Y. 420;
*Cowing* v. *Altman*, 79 id. 167.)

We have examined the other questions to which our atten-
tion has been called by the learned counsel for the appellant,
but find no error that should disturb the judgment which we
think should be affirmed.

All concur.

Judgment affirmed.                               .