## BAUM v. BEARD.

1. THE FINDINGS OF FACT by the Circuit Judge sustained, but on different grounds than those upon which they are placed by him. MR. JUSTICE JONES *dissenting.*

2. REFEREE—EXCEPTIONS—APPEAL.—Where the report of a referee is excepted to by the defendant on the ground that he erred in not crediting in full on the debt sued on certain collateral securities, and the Circuit Judge makes no ruling on the point, and defendant does not appeal, the finding of the referee is conclusive.

Before TOWNSEND, J., Camden, June, 1895. Affirmed.

Action in foreclosure by Manus Baum, as trustee of Sophia M. Baum, against Mattie Beard, Mary Beard, James R. Nelson, John B. Nelson, William Nelson, and Joseph B. Nelson, heirs of John J. Nelson. The facts necessary for a full understanding of the questions here raised are stated in the opinion. From the decree of Judge Townsend the plaintiff appeals.

*Mr. W. M. Shannon*, for appellant, cites no authorities.

*Mr. J. T. Hay*, contra, likewise.

July 24, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action for the foreclosure of a mortgage executed by John J. Nelson, deceased, in his lifetime, in favor of the plaintiff above named, against the defendants, as heirs at law and distributees of the estate of the said John J. Nelson, deceased, was commenced in 1894. Defendants alleged in their answer that the debt intended to be secured by the mortgage had been fully paid, and, therefore, the mortgage was invalid as a subsisting lien. By consent of all the parties, the issues of law and fact were referred to T. J. Kirkland, Esq., as special referee. To his report defendants excepted. These exceptions came on to be heard before his Honor, Judge Townsend, who sustained a few of such exceptions. From his decree plaintiff alone appeals on two grounds:

1. Because his Honor erred in overruling the finding of facts by the referee, that the liens of Elijah Brooks and A. A. Simons had not been paid; and concluding, "that as Baum Brothers had the liens and failed to collect them, it was their fault;" whereas his Honor, it is respectfully submitted, should have held that the weight of the testimony sustained the findings of the referee that said liens had not been paid. 2. Was abandoned. 3. Because his Honor erred in holding that there was no contest over the fourth exception of defendants to the report of the referee, to wit: "That the referee errs in not charging the plaintiff and crediting the defendants with the value of the mortgage of A. J. A. Williams and Ben Murphy, assigned to Baum Brothers as collateral for this same account;" whereas, it is respectfully submitted, there was a contest between plaintiffs' and defendants' attorneys before his Honor as to this exception, and plaintiff denies the legal position taken by defendants as to crediting the account of defendants with the value of the mortgages of Williams and Murphy, and

as his Honor has made no ruling on this issue, plaintiff excepts anyhow, in event that the silence of his Honor may be construed against her.

As to the first exception, after a careful review of the testimony, we cannot say that the Circuit Judge was in error, not for the reason, however, given by him for his conclusion as it is stated by him. Because the Baum Brothers had in their possession the two liens given by Elijah Brooks and A. A. Simons as collateral security and had not collected the money as rent secured thereby, would not, of itself, make them responsible for these two liens; but when it is in proof and nowhere contradicted that these lieners made fine crops during the year 1894, and carried it to Camden, where Baum Brothers did business as merchants; and also that these liens had been delivered up by Baum Brothers to the Nelsons; and also that certain witnesses swore that these liens were paid; we agree with the conclusions of the Circuit Judge, that these two liens ought to be credited as a payment, as far as it will go, on plaintiff's debt. This exception is overruled.

Now, as to the third exception, we are at a loss what to say, for certainly the Circuit Judge made no such ruling as that the mortgages of Williams and Murphy, respectively, should be credited on plaintiff's debt. It is admitted, and established as well, that these mortgages are on real estate and are only assigned as collateral, and that the whole of the debt secured by Murphy is still due and unpaid, while the debt secured by the mortgage of Williams has been partly paid, and duly credited where so partly paid, and it is nowhere suggested that defendants have any equity to have these mortgages credited on plaintiff's debt. It was the defendants' duty to have the Circuit Judge pass on the question raised by their exception. He did not do so. Therefore, the appellant is not harmed, for it cannot be assumed by defendants, when the cause goes back to have the two liens credited upon the plaintiff's debt— we mean, the lien debts of Elijah Brooks and A. A. Simons

for the year 1894, which were considered by us under the first exception—that they are entitled, under Judge Townsend's decree, to have these two mortgages of Williams and Murphy also credited on plaintiff's debt. We have felt called upon to make this explanation, so that no mistake may occur.

It is the judgment of this Court, that the Circuit Court judgment be affirmed, and that the cause be remanded to that Court, to have the two liens of Elijah Brooks and A. A. Simons for the year 1894, credited as a part payment of plaintiff's debt herein.

MR. JUSTICE JONES, *dissenting*. I dissent. The weight of the testimony supports the finding of the referee, that the liens of Elijah Brooks and A. A. Simons (Nos. 3, 4) have not been paid. The first exception should be sustained.