(15 App. Div. 214.)

## FUNSON v. SALISBURY.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

WITNESSES—TRANSACTION WITH DECEDENT—WHEN ADMISSIBLE.

Testimony by defendant that he did not give plaintiff's intestate a bill of sale of certain property is admissible, though involving a transaction with decedent (Code Civ. Proc. § 829), to contradict a witness for plaintiff who testified that he had seen such a bill of sale.

Appeal from trial term, Saratoga county.

Replevin by Thomas Funson, as administrator, etc., against Thomas C. Salisbury. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

The action was to recover the possession of a mare known as "May Queen," a horse knows as "Richie," a carriage, and two sets of harness. The principal controversy was in regard to the ownership of the mare May Queen. The defendant contended that he was the owner thereof, and had purchased it from a firm known as Ensign & Tefft, taking from them a bill of sale therefor, and had loaned it to the plaintiff's intestate, Mrs. McCarthy. Upon the part of the plaintiff it was contended that the defendant had purchased the mare for the plaintiff's intestate, a Mrs. McCarthy, and that she had furnished the defendant with the money to purchase it with. This was denied by the defendant. Upon the trial a witness named Leonard testified that prior to her death Mrs. McCarthy exhibited to him a paper which was so described by him as to indicate that it was a bill of sale from Ensign & Tefft to the defendant of the mare May Queen; also another paper so described by him as to indicate that it was a bill of sale of the mare May Queen from the defendant to Mrs. McCarthy. The defendant, being examined as a witness in his own behalf, was asked the following questions: "Q. Did you ever sign any bill of sale of May Queen? (Objected to as calling for a transaction of deceased. Objection sustained. Defendant excepts.) I heard the testimony of Jacob Leonard. Heard him refer to a paper which he described as a bill of sale. Q. Did you ever sign your name to any such bill of sale or instrument? (Objected to as incompetent. Objection sustained. Defendant excepts.) Q. Did you ever sign any bill of sale to anybody of the mare May Queen? (Same objection, ruling, and exception.)"

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

T. F. Hamilton, for appellant.

Ostrander & Salisbury (William S. Ostrander, of counsel), for respondent.

HERRICK, J. I think the exclusion of the evidence offered was error. The testimony offered was not independent affirmative evidence of a transaction between the defendant and the deceased for the purpose of establishing an affirmative defense, but was for the purpose of contradicting the testimony of the witness Leonard by showing that what he testified to, to wit, seeing a bill of sale signed by the defendant, could not be true. It does not come within the spirit of section 829 of the Code of Civil Procedure, which was to

prevent the survivor of an interview from giving a version of it that could not be contradicted. Holcomb v. Campbell, 118 N. Y. 46–54, 22 N. E. 1107. The defendant had a right to contradict the evidence of the witness Leonard by testifying to facts showing that his story could not be true, even although the ultimate result of such testimony was to negative the occurrence of a personal transaction between himself and the deceased. Pinney v. Orth, 88 N. Y. 447; Lewis v. Merritt, 98 N. Y. 206–210.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.