Rosie Fegers and Joseph Fegers, her husband, *Appellants*, vs. Pompano Farms, Inc., a Florida Corporation, *Appellee.*

139 So. 201.
Division A.
Opinion filed January 27, 1932.

*James H. Lathero*, for Appellants;
*R. R. Saunders*, for Appellee.

Buford, C.J.—In this case bill of complaint was filed to foreclose mortgage. The right to foreclose was based upon a stipulation in the mortgage that if default occurred in the payment of interest for a period of ten days the mortgagee, its successors or assigns, should have the option to declare the entire amount of principal and interest unpaid due and payable. In this respect this case is like that of Clay vs. Girdner, in which opinion was filed in this Court on October 16, 1931.

There is no allegation in the bill of complaint that the complainant had given any notice, prior to the institution of suit, of its intention to exercise its option to accelerate the due date of principal. A demurrer was interposed to the bill of complaint and overruled. The order overruling the demurrer was without errors as the bill alleged all necessary ultimate facts.

An answer was later filed by the defendants in which they alleged that they tendered payment in full of interest due prior to the institution of suit and prior to

any notice that the complainant would exercise its option to accelerate the due date of the mortgage because of the default in the payment of interest. Demurrer to the answer was sustained. This ruling of the court should be reversed on authority of the opinion and cases cited in Clay vs. Girdner, supra.

A cross bill was filed by the defendants which set up in effect that the defendants, cross-complainant, were entitled to receive from the complainant, cross-defendant, a sum equal to Two Hundred ($200.00) Dollars per month for one year, the rental value of the property involved, which was during said period in the possession and control of the complainants, cross-defendants, and was used by them for their own use and profit and that the defendants, cross-complainants, were entitled to have and recover from the complainants, cross-defendants, the value of certain personal property which was in the building at the time complainants, cross-defendants, took possession of the same and which they had converted to their own use.

There was a demurrer to the cross bill which was sustained. We think that the cross bill sufficiently sets up such a state of facts as if proven to exist to entitle the defendants, cross-complainants, to affirmative relief.

In 41 C. J. 791, it is said:

Sec. 907. "Set-off of Claims Due to Mortgagor. A Mortgagor cannot discharge his mortgage debt by setting up an independent personal demand against the mortgagee, but the mortgage may be discharged by payment of the debt through the application of a distinct debt or claim due from him to the mortgagor, or by applying to the mortgage debt in an amount sufficient to satisfy it, rents collected from tenants or due from the mortgagee as tenant in possession, or insurance money; but rents due from the mortgagee to a transferee of the mortgaged premises who took subject to the mortgage do not operate to extinguish the mortgage."

This doctrine has been sustained in Alabama in the case of Roulac vs. Jones, 17 Ala. 398; Turner vs. Wilkerson, 72 Ala. 361; Benby vs. Melligrew, 58 Ala. 147; Downs vs. Hopkins, 65 Ala. 508; McMinn vs. Karter, 123 Ala. 502, 26 Sou. 649; Karter vs. Fields, 130 Ala. 430, 30 Sou. 544; Williams vs. Noland, 87 Sou. 818; Brown vs. Scott, 87 Ala. 453, 6 Sou. 384; and in Michigan in the case of Gaut vs. Jackson, 47 Mich. 475, 11 N. W. 277; in New York in the case of Holcomb vs. Campbell, 118 N. Y. 46, 22 N. E. 1107; in Indiana in the case of Brack vs. Sparks, 117 Ind. 89, 19 N. E. 719; in New Hampshire in Bein vs. Bracket, 34 N. H. 102; in South Carolina in case of Baum vs. Beard, 47 S. C. 344, 25 S. E. 168; and in Wisconsin in the case of Ford vs. Smith, 60 Wisc. 222, 18 N. W. 925.

For the reasons stated, the orders and decree appealed from should be reversed. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND DAVIS, J., concur in the opinion and judgment.