FLORA BELL WRIGHT JOYNER, *et al.*, v.
JOSEPH C. BERNARD.

6 So. (2nd) 533
Division B
Opinion Filed November 25, 1941
On Rehearing February 24, 1942
Rehearing Denied March 16, 1942

650

*Randolph Calhoun,* for Appellants;
*John Fite Robertson,* for Appellees.

PER CURIAM.—In November, 1926, John and Rosa Joyner executed a mortgage to Joseph C. Bernard covering properties therein described in Sarasota County. In June, 1938, the mortgage being in default, Bernard filed his bill to foreclose in which appellants and others who were permitted to intervene were designated as parties defendant. The bill was answered wherein the validity of the mortgage was challenged and an accounting was prayed for.

A master was appointed to take testimony and make findings. He recommended (1) that the mar-

riage of John and Rosa Joyner was bigamous and as to the latter, the mortgage was void, (2) that the mortgage was usurious and subject to the statutory penalty and that when imposed, the mortgage debt would be discharged and (3) that Bernard had paid taxes and made improvements on the mortgaged property for which he was entitled to a lien.

Exceptions were filed to the master's report by both parties, a receiver was appointed and appellee's exceptions were overruled except as to the finding that the marriage between John and Rosa Joyner was bigamous. The final decree held that (1) notwithstanding the bigamous marriage, Rosa Joyner and her heirs were estopped to deny the validity of the mortgage, (2) that the proof failed to sustain the charge of usury and (3) that Bernard was entitled to a decree of foreclosure and a sale of such of the properties as are necessary to pay the balance due on the mortgage. The appeal is from the final decree.

We think the chancellor was correct in holding that Rosa Joyner and her representatives were estopped from raising the validity of the mortgage. It is shown that it was executed in good faith, that she was not coerced, that no fraud or deceit was practiced on her, and that while she signed with her mark, she knew what she was signing, the purpose of it, and that she and her putative husband got the money and used it to take up a prior mortgage on the same lands and to make improvements on it.

The question of whether or not the marriage of John and Rosa Joyner was bigamous is not material to the issues here since it is shown that the mortgage was executed in good faith without restraint or compulsion and that the mortgagors got the proceeds and

used it on the property. It is shown that they had lived together as man and wife for many years and owned part of the property jointly and part of it severally. Every element essential to constitute estoppel was present. New York Life Insurance Company v. Oates, 141 Fla. 164, 192 So. 637, 144 Fla. 744, 198 So. 681.

All other questions urged including that of usury present issues of fact on which there are some conflicts in the evidence. We have weighed these carefully and to reverse the chancellor would amount to nothing more than a substitution of our judgment for his credibility of the testimony. We are not authorized to do this and if we were, we find no reason to reverse him.

Affirmed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing, it is urged that the Court overlooked important considerations in reference to each question adjudicated. We are not impressed with any of these contentions except that as to accounting. If as a matter of fact $10,057.13 was paid on the mortgage after which the mortgaged property remained in the hands of the mortgagee for a number of years during which it paid a substantial income, the appellants here should not be charged with derelictions in management on the part of the appellee.

The petition for rehearing is accordingly granted and the cause reversed with instructions to the chancellor to re-examine the matter of accounting between

the parties, give the appellants credit for all rents and profits that accrued or should reasonably have accrued, and all amounts paid otherwise on the mortgage, and give the appellee credit for necessary betterments and other expenses reasonably incurred, strike a balance between them and give his judgment accordingly.

It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.