**FLORA BELL WRIGHT JOYNER, et al., v. J. C. BERNARD**

14 So. (2nd) 724                    January Term, 1943
May 18, 1943                         Division A
Rehearing Granted June 15, 1943     On Rehearing July 16, 1943

*Randolph Calhoun,* for appellants.
*John Fite Robertson,* for appellee.

PER CURIAM:

The record in this case having been examined and finding no error in the decree appealed from, the same is hereby affirmed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.

PER CURIAM:

ON REHEARING GRANTED

Certain phases of the case at bar were considered and decided by this Court in the former appeal. See Joyner v. Bernard, 148 Fla. 649, 6 So. (2nd) 533. On petition for rehearing on the former appeal we said:

"On petition for rehearing, it is urged that the Court overlooked important considerations in reference to each question adjudicated. We are not impressed with any of these contentions except that as to accounting. If as a matter of fact $10,057.13 was paid on the mortgage after which the mortgaged property remained in the hands of the mortgagee for a number of years during which it paid a substantial income, the appellants here should not be charged with derelictions in management on the part of the appellee.

The petition for rehearing is accordingly granted and the cause reversed with instructions to the chancellor to re-examine the matter of accounting between the parties, give the appellants credit for all rents and profits that accrued or should reasonably have accrued, and all amounts paid otherwise on the mortgage, and give the appellee credit for necessary betterments and other expenses reasonably incurred, strike a balance between them and give his judgment accordingly."

On the return of the cause to the lower court counsel for the respective parties were by the chancellor heard, pursuant to the aforesaid order made by this Court on rehearing and thereafter entered the decree viz:

"This cause coming on to be heard in accordance with the mandate and opinion of the Supreme Court on rehearing and the court having re-examined the matter of accounting between the parties as directed, doth find: that no error was made in the original accounting: that all of the property was not and did not remain in the hands of complainant after the payment of $10,057.13 as postulated in the statement embodied in the opinion of the Supreme Court reported in 6 So. (2nd) 533; that all credits were given for rents as and when received, and all credits were given for all amounts otherwise paid on the mortgage as and when received; and that likewise

complainant was given credit for necessary betterments and other expenses reasonably incurred; and that on the date of said final decree there was due and owing to the complainant, the amount set forth therein, to-wit, $23,316.54.

"It is therefore ordered, adjudged and decreed that said accounting heretofore made and approved in the final decree is hereby ratified and confirmed and the Master is hereby authorized to proceed with the enforcement of the said final decree as therein provided."

An appeal from the aforesaid order or decree brought the cause here for the second time, when on May 18, 1943, an order was entered here affirming the order appealed from and on June 15, 1943, appellants' petition for rehearing, on further consideration, was by the Court granted.

In the petition for rehearing the contention is made that the chancellor in the order appealed from failed and otherwise omitted to carry out the mandate of this Court on the former appeal in that said order did not "give the appellants credit for all rents and profits that accrued or should reasonably have accrued, and all amounts paid otherwise on the mortgage, and give to appellee credit for necessary betterments, and other expenses reasonably incurred, strike a balance between them and give his judgment accordingly." The evidence adduced by the parties as disclosed by the record and the law applicable thereto must be considered when disposing of appellants' contention made on petition for rehearing.

The record discloses that the note and mortgage are dated November 5, 1926, and the amount of indebtedness secured thereby was the sum of $15,000.00. The interest was to be paid monthly at the rate of 8%, and the note provided for the payment of principal in the sum of $400.00 each month for 29 months, and the balance due thereafter in the sum of $3,400.00 would become due and payable on May 5, 1929. The aforesaid monthly payments were to be made at the office of the Bernard Investment Company, at Sarasota, Florida. The mortgagee's agents collected from the mortgagors, as testified to by Joseph C. Bernard, prior to November, 1930, the sum of $10,059.13 and these several payments, with date of

payment, appear on the original note offered in evidence. An examination of the decree assigned as error discloses that these partial payments made by the mortgagors after November 1926, and prior to November 30, 1930, were not computed and a new balance stated of the principle remaining due on November 30, 1930, as required by a ruling of this Court in the case of Hart v. Dorman, 2 Fla. 445, 50 Am. Dec. 285.

Counsel for appellants request this Court to find from the evidence adduced that the mortgage, through its agents, E. J. Bacon Company, in November, 1930, went into possession of the mortgaged premises and collected rents thereafter, inclusive of the year 1938, for a period of eight years, and that the sum of $200.00 per month was a reasonable rental value of the property for each month of the eight year period and the total amount thereof should be credited to the amount due as principal and interest on the note and mortgage, less the amount paid for taxes, repairs, betterments and other lawful items. There is some evidence in the record to the effect that Mr. Waldmire of the Bernard Investment Company came down from Springfield, and with Bacon contacted Joyner and reached an oral agreement with Joyner, whereby Bacon, as agent of the mortgagee, went into possession of certain of the houses and collected rents thereon. After a careful consideration of all the testimony, we are unable to determine from the record the exact number of houses that Bacon took over under this agreement as agent for the mortgagee and the houses retained under this agreement by Joyner.

It is settled that a mortgagee in possession of mortgaged premises is required to account for the rents and profits and is bound to apply them in reduction of the mortgage debt. The mortgagee is not permitted to make a profit out of his possession of the estate. This liability arises of course only when the mortgagee's possession is in recognition of the mortgage. The burden is on the mortgagee to prove the amount of the rents and profits. See Jones on Mortgages, Vol. 2 (8th Ed.) 911-12, par. 1425; Fegers v. Pompano Farms, 104 Fla. 123, 139 So. 201; 1 C.J.S. 683-4, par. 41; 19 R.C.L. 334-5, par. 108; 36 Am. Jur. 840-1, par. 301; Williams v.

Marmor, 321 Ill. 283, 151 N.E. 880, 46 A.L.R. 132, and annotations beginning on page 138.

In equity a mortgagee in possession of the mortgaged premises with the consent of the mortgagors who collects rents and profits from the premises he is bound to apply the same to the payment of the mortgage debt. There is no payment and satisfaction of the mortgage until the rents and profits are applied to the payment of the debt. See Jones on Mortgages, Vol. 2 (8th ed.) 913-14, par. 1426. Mortgagors having surrendered the possession of the mortgaged premises to the mortgagee, or his agent, if dissatisfied with the accounting made by him, can adduce testimony, to establish a reasonable and fair rental value of the mortgaged premises, which can be considered by the Court in arriving at the balance due on the mortgage debt.

The law, in the case at bar, placed the burden on the mortgagee and its agent when taking over the possession of the mortgaged premises and undertaking the collection of the rents and profits from the several houses, to keep an accurate record of all moneys by it received on each house from the date of assuming possession until the same were returned to the mortgagor. Likewise to keep an accurate record of all moneys by him expended during the period for taxes, improvements, betterments and other lawful expenditures. E. J. Bacon Company failed, as shown by the record, to maintain such a record or records of the several houses as the law contemplates. The testimony of Judge Walden fails to establish a reasonable rental value of the several houses, because his knowledge of the several transactions was based on what the deceased Joyner had told him. It is possible that he has a knowledge of the reasonable rental value of these several houses independently of the hearsay testimony.

It is admitted that E. J. Bacon Company was the Sarasota agent of the Bernard Investment Company of Springfield, Ill., and went into possession of some of the property in November, 1930. After E. J. Bacon Company went into the possession of the mortgaged premises, and prior to the filing of the suit to foreclose, one of the mortgagors (Joyner) died,

and some of the witnesses sworn and interrogated gave testimony in total disregard of the several provisions of Section 90.05, Fla. Stats. 1941, prohibiting the giving of testimony as to transactions existing between the witnesses and the deceased person.

The mortgagee should be allowed to adduce testimony establishing with reasonable certainty the number of rental houses taken over by it subject to the mortgage and the total amount of money received as rents and profits and the period of time the property was in its possession. Likewise these issues may be controverted by competent evidence to be adduced by the mortgagor and in addition thereto evidence as to a reasonable rental value of the mortgaged premises possessed by the mortgagee and the exact houses and the period of time mortgagee was in possession. These several objectives were contemplated when the order was entered on the petition for rehearing on the former appeal.

Our order of affirmance dated May 18, 1943, is vacated and set aside and on rehearing granted the decree appealed from is hereby reversed for further proceedings in the lower court not inconsistent with this opinion.

It is ordered.

BUFORD, C. J., TERRELL, CHAPMAN and SEBRING, JJ., concur.

BROWN, THOMAS and ADAMS, JJ., dissent.