**FLORA BELL WRIGHT JOYNER, et al., v. J. C. BERNARD**

36 So. (2nd) 364                                      June Term, 1948
July 13, 1948                                              En Banc
Rehearing denied July 29, 1948

*Randolph Calhoun,* for appellants.
*John Fite Robertson,* for appellee.

CHAPMAN, J.:

This is a mortgage foreclosure suit originating in the Circuit Court of Sarasota County, Florida, on June 6, 1938. The note and mortgage involved were for the sum of $15,000.00 and dated November 6, 1926, bearing interest at the rate of 8%, which became due and payable monthly, after maturity, on the 5th of each month, along with the sum of $400.00 on the principal, for a period of 29 months, and the remaining amount of the principal in the sum of $3,400.00 became due and payable on May 5, 1929. The case comes here for the third time. See Joyner v. Bernard, 148 Fla. 649, 6 So. (2nd) 533, and Joyner v. Bernard, 153 Fla. 372, 14 So. (2nd) 724. Many of the points adjudicated and put at rest on the two former appeals are argued as error on this, the third appeal. This contention ignores the doctrine of the "law of the case" previously adopted and enunciated by this Court on many occasions. See Oates v. New York Life Insurance Co., 144 Fla. 744, 198 So. 681, and similar cases.

We have defined "the law of the case" as the points adjudicated by an appellate court upon a writ of error or upon appeal and are no longer open for consideration. The rule is inapplicable to and not decisive of points presented on a second appeal that were not presented upon the former appeals. The record discloses that on former appeals we ruled upon the questions of usury, estoppel and bigamous marriage, but sent the cause back to the court below for a further hearing and determination of the exact amount due the plaintiff on the note and mortgage after allowing all lawful credits.

For the purpose of determining the exact amount due under the note and mortgage involved in this controversy we entered an order of reversal and, in part said (text 153 Fla. 378):

"The mortgagee should be allowed to adduce testimony establishing with reasonable certainty the number of rental houses taken over by it subject to the mortgage and the total amount of money received as rents and profits and the period of time the property was in its possession. Likewise these issues may be controverted by competent evidence to be adduced by the mortgagor and in addition thereto evidence as to a reasonable rental value of the mortgaged premises possessed by the mortgagee and the exact houses and the period of time mortgagee was in possession. . . . "

On the going down of our mandate the cause was again referred to Honorable Glover E. Ashby, as Special Master, who heard the evidence of the respective parties and reported the same to the Chancellor below, with recommendations as to the terms of a final decree. The cause again was heard by the Chancellor on exceptions to the Special Master's report and on motion for a final decree and on June 11, 1947, decreed that the defendants were due to the plaintiff on the note and mortgage the sum of $14,397.39 and an attorney fee in the sum of $1,250.00, making a total amount due in the sum of $15,647.39—less two credits—one in the sum of $3,975.18 and the other for the sum of $1,590.04; total amount of credits $5,565.22, leaving the total amount due the plaintiff on June 11, 1947, at the sum of $10,082.17.

An analysis or breaking down of the sum of $14,397.39 decreed to be due on June 11, 1947, discloses the sum of $6,398.84 as interest at the rate of 10% per annum from May, 1939, to June 11, 1947, on a balance due as principal in the sum of $7,998.55. On November 30, 1930, the balance due as principal on the note and mortgage was the sum of $8,721.50. An allowance of $100.00 per month as credit for rents from November 30, 1930 to March 7, 1938, and charging the mortgagor with advancements by the mortgagee for taxes, insurance and repairs in the sum of $1,046.98 and allowing the mortgagors credit for the sum of $3,302.72 for rents collected after March, 1938, the unpaid amount of principal in May, 1939, was found to be in the sum of $7,998.55, plus the sum of $6,398.84, making the amount set out in the final decree in the sum of $14.397.39.

Careful consideration has been given to all the evidence in the record bearing on the rental value per month of the several buildings described in the mortgage from the month of November, 1930, until the 7th day of March, 1938. The special master reported to the Chancellor that the sum of $100.00 was the correct monthly value—the property being in the possession of the mortgagee during the period—and the Chancellor so decreed. The writer has studied the testimony pertinent to this issue but just cannot reconcile the allowance of $100.00 per month with the testimony of Fred D. Palmer and J. Irvin Walden, who placed the monthly rentals of the property at the sum of $200.00 per month. We fail to find in the record pertinent testimony on the issue discrediting the testimony given by these two witnesses.

It is our conclusion that the minimum monthly allowance as rentals for the period between November, 1930, and March 1938, on the houses described in the mortgage should be fixed at the sum of $200.00 per month so as to conform to the weight of the testimony appearing in the record, but all other terms and provisions of the challenged decree are free from error. The decree is reversed with directions that a credit of $200.00 per month, with interest, be allowed the mortgagors as a credit on the note and mortgage rather than the sum of $100.00 as stated in the final decree. Reversed for further proceedings in the court below not inconsistent with the views herein expressed.

TERRELL, SEBRING, BARNS and HOBSON, JJ., concur.

THOMAS, C. J., and ADAMS, J., dissent.