This is an appeal of a final decree rendered by the Chancellor pursuant to the mandate upon the appeal as reported in Joyner v. Bernard, 160 Fla. 681, 36 So.2d 364.
By that judgment of reversal it now appears that we were in error. We allowed the mortgagor a credit upon the assumption that the mortgagee was in possession of all the mortgaged property which had a reasonable rental value of $200.00 per month, when in fact it is controversial as to whether the mortgagee was in possession of any of the mortgaged property from May 7, 1931, to March 7, 1938.
On this point the report of the Master states:
"(2) With reasonable certainty, Nine (9) houses numbered as follows: House Number 5, 6, 7, 9, 10, 11, 12, 13, 14, of Defendants' Exhibit Number 1, (see Page 4 of transcript), were in Mortgagees possession for collecting of rents through its Agent, E.J. Bacon Company, from November 30, 1930, to approximate date of May 30th, 1931 (see pages 100, 115, 116 of the transcript) and total amount of money received during said period was $776.60, less 10% (See Page 5 and 122 of the transcript).
 * * * * * *
"Sufficient control apparently was maintained over the mortgaged premises by Agent, for Mortgagee, to require an accounting of the moneys actually received, the sums advanced by the Mortgagee through its agent to John Joyner from time to time, and a report of full collection made of all moneys received as rents and profits from the mortgaged premises.
"Throughout the record it appears that Rosa Joyner and John Joyner, the mortgagors, were permitted to live on the premises during their lifetime, and that they were allowed sufficient incomes from rents and profits from the property to maintain themselves.
"From testimony appearing on Page 28 of the Transcript and defendants Exhibit `A', testimony of accountant Mr. Fred Palmer, it appears that $200.00 per month was a fair rental value for all the property for the years 1930 to 1938 inclusive; likewise, J. Irvin Walden testified that *Page 902 
$200.00 per month was a fair rental value of the mortgaged premises (page 47 of the transcript). The above testimony fails to take into account the fact that Rosa Joyner and John Joyner occupied one of the houses and maintained themselves from the rents and profits during their lifetime, which fact is taken into account in findings in this cause.
"Your Special Master finds that $100.00 per month should reasonably have been collected and applied to Mortgage Indebtedness from May 30th, 1931, to March 7, 1938, after allowing a reasonable amount for Mortgagors out of the rents and profits during their lifetime. This finding is based on above testimony and on collections of E.J. Bacon Company from November 30, 1930, to May 30th, 1931, from nine (9) of the fourteen (14) houses, being $776.60, less $103.10 (See Page 7 of Transcript, collected from Picture Show) making a total of $673.50 received from the nine houses in a period of six months, during 1930 and 1931."
The witness, Palmer, testified that a reasonable rental for all the mortgaged property was $200.00 per month and of the $200.00 per month he allocated only $85.00 per month to the nine pieces of the fourteen pieces covered by the mortgage, of which nine pieces the mortgagee was charged with possession for the collection of rents. (See Defendants' Exhibit AA.)
According to the custom of dealing the mortgagee was allowed 10% for collection of rentals, so this would reduce the credits per month to $76.50 per month for such period.
In Seagraves v. Wallace, 5 Cir., 69 F.2d 163, 164, 165, which relaxed the harsh application of the rule of the "law of the case" the Court through Judge Sibley stated: "An appellate court, so long as it has jurisdiction over the controversy, ought to have power to do justice according to law, and should be more ready to correct its own previous error, if such clearly appears, than to correct the errors of the District Court. Justice is better than consistency. The court is not bound at the will of litigants to revise its previous holdings, but, when itself convinced that it should, it can."
Justice Frankfurter, when confronted with a situation similar to ours, stated: "Wisdom too often never comes, and so one ought not to reject it merely because it comes late. Since I now realize that I should have joined the dissenters in the Merchants Nat. Bank of Boston case * * * I shall not compound error by pushing that decision still farther." Henslee v. Union Planters National Bank Trust Co., 335 U.S. 595, 69 S.Ct. 290, 293, 93 L.Ed. ___.
In the proceedings before the Master, the parties did not bring in their accounts in debtor and creditor form. It might have saved much time and expense had this been required of them by the Master.
The chancery procedure provides:
Procedure before master. — "The master shall regulate all the proceedings in every hearing before him * * * and also direct the mode in which the matters requiring evidence shall be proved before him, and generally to do all other acts, and direct all other inquiries and proceedings in the matters before him, which he may deem necessary and proper to the justice and merits thereof and the rights of the parties." Section 63.60, F.S. 1941, F.S.A.
Form of accounts before master. — "All parties accounting before a master shall bring in their respective accounts in the form of debtor and creditor; and any of the other parties who shall not be satisfied with the account so brought in shall be at liberty to examine the accounting party orally, or upon interrogatories or by depositions, as the master shall direct." Section 63.61, F.S. 1941, F.S.A.
The cause is remanded, with directions to the Chancellor to enter a final decree not inconsistent herewith.
ADAMS, C.J., and THOMAS and HOBSON, JJ., concur.
TERRELL, J., agrees to judgment.
CHAPMAN, J., agrees to conclusion and judgment. *Page 903