ISAIAH D. HART, APPELLANT, *vs.* ORLOFF M. DORMAN, APPELLEE.

When partial payments are made, the rule, with respect to interest, is to apply the payments in the first place to the discharge of the interest due at the time of payment. If the payment exceeds the interest, the surplus must be applied to the discharge of the principal, and interest is then to be computed on the balance of the principal remaining due.

When the payments are less than the interest, the surplus of interest unpaid is not to be considered as principal; but interest continues on the former principal, until the payments taken together exceed the interest due; and then the surplus of interest is to be applied to the reduction of principal, and interest again to be computed on the balance.

There is nothing in the statute of this State which makes this mode of calculating interest and applying partial payments improper—nor is there any thing peculiar in that statute, or distinguishing it from the statutes of other States, where the rule is recognized.

Appeal from Duval Circuit Court.

The plaintiff, Dorman, brought an action of *assumpsit* to the Spring Term, 1848, of the Circuit Court for the County of Duval, against Hart, the defendant below. The suit was founded on a promissory note, on which partial payments had been made, and the interest was calculated according to the rule laid down in the opinion of the court, and the payments applied according to that rule.

At the Fall Term, 1848, of said court, Judge HAWKINS presiding, plaintiff moved the court for a judgment by default in this cause; and it was ordered that said motion be granted, and that the clerk assess the damages—which having been done in accordance with the rule before referred to, judgment was entered for the plaintiff for the sum of two hundred and nineteen dollars and thirty-six cents.

From this judgment, the defendant, feeling himself aggrieved, appealed to this Court.

*J. W. Bryant*, for Appellant, contended,

1. That, under our statute, which provides that "no person or persons shall, upon any contract whatever, take, *directly or indirectly*, for the loan of any money, &c.," "a higher rate than eight per centum," "when no rate of interest is expressed," (Duval Comp., p. 78,) any computation which gives more than that rate, involves compound interest, and, therefore, any judgment rendered upon such computation, is illegal.

2. That several payments having been made *within* the term of one year, interest being computed to the time of such payment, and the amount of payment being deducted, left in each instance a new principal, *composed in part of interest*, which had accrued within the year ; thereby interest was computed upon interest, within the term of one year.

The proposition that paying interest *only*, will finally pay the principal, is based upon the supposition, that the party to whom the interest is paid, permits the sum to be continually idle—for, if *invested*, of course it produces returns.

*Thompson*, for Appellee, contended,

That there was no error in the mode of calculating the amount of damages due for principal and interest in this case, and referred to the following authorities : Meredith *vs.* Banks, 1 Halstead R., 408. Connecticut *v.* Jackson, 1 John. Ch. R., 13–'17. Smith *v.* Shaw, adm., 2 Wash. C. C. R., 167. 17 Mass. R., 417. 1 Pick., 194. 3 Cowen, 86, n. 1 A. K. Marshal, 584. 2 Hayne, 17. Fonblanque on equity, 654, n., and other authorities there cited.

Chief Justice DOUGLAS delivered the following opinion :

This suit is founded upon a promissory note, upon which several payments were made after it fell due, leaving, however, a balance unpaid, for which a judgment was rendered against the defendant—from which he appealed to this Court.

No errors have been assigned, and the only one alleged by the counsel for the appellant in the argument of the case, was as to the calculation of interest, and the application of the partial payments. How that was done is not stated in the record ; but we understand, from the course of the argument, that the payments were applied in the first place to the interest, and it appears from the record that they all exceeded it, unless it was one of nineteen dollars and eighty-two cents, *by bill rendered.* But it was *insisted* by the attorney for the appellant, that the interest should have been calculated upon the principal of an account stated, according to mercantile usage, and it is said in a note to Fonb. Equity, 2 vols. in one, Ed. 1831, page 664, (side 440,) that " it is usual amongst merchants, in stating their accounts, to let the principal continue upon interest, and to compute the interest upon the payments as they are successively made ;" but the

annotator adds : " It is the debtor who gains, and the creditor who loses by this mode—for it is susceptible of mathematical demonstration, that a debt will be wholly extinguished in the course of a few years, (and the time will be longer or shorter, according to the rate of interest,) by the payments of interest, without paying a cent of principal ; and Chancellor Kent makes the same remark, in the case of Stoughton *vs.* Lynch, 2 John. Chy. Reps., 214 ; and in Wasson *vs.* Gould, 3 Blackford Reps., 21, the court held that this mode is not correct—that it subjects the creditor to a loss which he ought not to bear, citing Stoughton *vs.* Lynch. In the case of the State of Connecticut *vs.* Jackson, 1 John. Chy., Reps. 17, Chancellor Kent held the rule for casting interest, when partial payments have been made, to be, to apply the payments in the first place to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal ; and the subsequent interest is to be computed on the balance of the principal remaining due. If the payments be less than the interest, the surplus of interest must not be taken to augment the principal ; but interest continues on the former principal, until the period when the payments, taken together, exceed the interest due ; and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance of principal as aforesaid ;" and this rule is sustained by Penrose *vs.* Hart, 1 Dall., 378. Lightfoot *vs.* Price, 4 Hen. & Mumford, 431. Wasson *vs.* Gould, 3 Blackford, 21. Smith *vs.* administrators of Shaw, 2 Wash. C. C. Reps., 167 to 169. Williams and others *vs.* Houghtailing and Bevier, 3 Cowen Reps., 87, note A.— Fonblanque Eq., page 654, note above cited. Meredith *vs.* Banks, 1 Halstead's Reps., 408 & 409, *note.* Story *vs.* Livingston, 13 Peters' Reps., 371. Edes *vs.* Goodridge, 4 Mass. Reps., 103 ; and the United States *vs.* McLemoire, 4 Howard's S. C. Reps., 288. And this rule is (we think) more entirely free from objection than any other that has been adopted.

The interest was calculated, and the payments were applied, as we understand, according to this rule, in the case now under consideration ; and we do not perceive how it gives compound interest. It is believed that there is nothing peculiar in the provision of our statute relating to interest, as the counsel for the appellant seemed to suppose ; nothing which would make this mode of calculation of interest, and applying partial payments under it, give usurious interest ;

nothing which would not be equally usurious interest under the statutes of at least twenty-six other States of this Union, which have been looked into and examined, including the States, the decisions of whose courts we have just now cited, and in one of which, it will be observed, the rule itself was laid down, and that, too, by one of her ablest jurists ; and we have not been able to find, nor have we been referred to, a decided case, or any elementary work, in which the mercantile mode above stated is sustained ; and in Meredith *vs.* Banks 1 Halstead's Reps., 408, it is expressly repudiated, as well as in Wasson *vs.* Gould, 3 Blackford Reps., 21, above cited. The judgment of the court below is, therefore, in all things affirmed.

*Per curiam.*