Jones-Downes Co. v. Chandler.

[No. 1130, March 2, 1906.]

# JONES-DOWNES COMPANY, a Corporation, Appellee, v. WELD C. CHANDLER, et al., Appellant.

## SYLLABUS.

1. Unless exception is filed or taken to the assignment of errors, in cases brought to the supreme court, the opposite party shall be deemed to have joined in error upon the assignment of error so filed, and no formal joinder is necessary.

2. There is no material error in the computation of the amount for which judgment was given in the case at bar. If there had been it was the duty of the counsel for the appellant to have called it to the attention of the court below, at the time the decree was signed, so that the trial judge might have corrected the same.

Appeal from the district court of Grant county, before FRANK W. PARKER, Associate Justice. Affirmed.

WELD C. CHANDLER, for appellant.

No joinder in error, which, under Section 3140, C. L. N. M., 1897, is required to be filed *within four days after the first day of the present term,* has been filed in the case.

Joinder in error being required by our statutes, no rule on appellee was necessary, and, it not having joined the error is confessed and the cause should be reversed.

Murdock v. Townsend, 1 Col. 33.

No application of the payment on the $5,000.00 note having been made by either party, as between principal and interest, and there being nothing in the record to indicate the intention of either in that respect, the court should have applied same to the most onerous debt, to the interest bearing obligation and not to the non-interest beaing obligation, to the principal wholly and not to the accumulated interest.

Gass v. Stinson, 3 Sumner, 98; Bussey v. Grant, 10 Hump. (Tenn.) 238; Margarity v. Shipman, 82 Va., 784.

Jones-Downes Co. v. Chandler.

R. M. TURNER, for appellee.

The rule for casting interest, when partial payments have been made, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining due. Such was the rule employed in computing interest on the note involved in this action.

Story v. Livingston, 13 Pet. (U. S.) 359, 10 L. 206; United States v. McLemore, 4 How. (U. S.) 288, 11 L. 979; Russell v. Lucas, Hempst. (C. C.) 91; Dunlop v. Alexander, 1 Cranch. (C. C.) 498; Smith v. Shaw, 2 Wash. (C. C.) 167; Hart v. Dorman, 2 Fla. 447, 50 Am. Dec. 287; Connecticut v. Jackson, 1 Johns. Ch. (N. Y.) 13, 7 Am. Dec. 471; Riney v. Hill, 14 Mo. 500; Wallace v. Glaser, 82 Mich. 190, 21 Am. St. R. 556; Payne v. Avery, 21 Mich. 524; Hunter v. Doolittle, 3 Greene (Iowa) 76, 54 Am. Dec. 489; Smith v. Cooper, 9 Iowa, 387; McFadden v. Fortier, 20 Ill. 516; Hearti v. Rhodes, 66 Ill. 351; Backus v. Minor, 3 Cal. 231; Matter of Den, 35 Cal. 692; Anderson v. Perkins, 10 Mont. 159, 25 Pac. 93; Penrose v. Hart, 1 Dall. (Pa.) 378; Com. v. Vanderslice, 8 S. & R. (Pa.) 452; Baker v. Baker, 28 N. J. L. 13, 75 Am. Dec. 243; Horner v. Delaware, etc., Canal Co. 16 N. J. L. 265; Edes v. Goodridge, 4 Mass. 103; Dean v. Williams, 17 Mass. 417; Bratton v. Allison, 70 N. C. 498; Overby v. Fayetteville, etc., Assn., 81 N. C. 61; Drew v. Trowle, 30 N. H. 531, 64 Am. Dec. 309; Townsend v. Riley, 46 N. H. 300; Tooke v. Bonds, 29 N. H. 419; Treat v. Stanton, 14 Conn. 457; Handly v. Dobson, 7 Ala. 359; Godbe v. Young, 1 Utah, 62; Mills v. Saunders, 4 Neb. 193; Jacobs v. Ballinger, 130 Ind. 232, 15 L. R. A. 171;

Jones-Downes Co. v. Chandler.

Hill v. Durand, 58 Wis. 160; Whittacre v. Fuller, 5 Minn. 508; Leonard v. Wildes, 36 Me. 265; Vaughn v. Kennan, 38 Ark. 114; Wade v. Powell, 31 Ga. 1; Bird v. Lobdell, 10 La. Ann. 160; Guthrie v. Wickliffe, 1 A. K. Marsh, (Ky.) 584; Lamott v. Sterett,, 1 Har. & J. (Md.) 42; Brooks v. Robinson, 54 Miss. 272; Scanland v. Houser, 5 Yerg. (Tenn.) 310; Lightfoot v. Price, 4 Hen. & M. (Va.) 431; Hurst v. Hite, 20 W. Va. 183, 16 A. & E. E. Law, 1036 and 1037.

Even where the judgment is excessive, a remittitur may be entered and the judgment affirmed.

Orr v. Hopkins, 3 N. M. 32; Hopkins v. Orr, 124 U. S. 510, 31 L. 523; Washington & G. R. Co. v. Tobriner, 147 U. S. 268, 37 L. 291; Arkansas Valley Land & C. Co. v. Mann, 130 U. S. 69, 32 L. 854; Gilmer v. Kennon, 131 U. S. 22, 29, 33 L. 110, 113; Philips & C. Con. Co. v. Seymour, 91 U. S. 646, 23 L. 341; Kentucky v. Ashley, 2 Pet. (U. S.) 327, 7 L. 440, 16 A. & E. E. Law, 1038; Sec. 3, Chap. 114, page 324, Laws N. M. 1905.

This act expressly repeals Section 3140 C. L. N. M. 1897, cited in appellants' brief.

But even before such repeal, in default of joinder in error the court would have heard the cause *ex parte.*

Mayson v. Lane, 5 How. (Miss.) 11; March v. Howell, 1 Mo. 138; Higgins v. Crosby, 30 Ill. 79.

And where as here, the joinder was filed before appellant had moved for reversal for non-joinder, the appellee would not have been in default.

Shipley v. Spencer, 40 Ill. 105; Armijo v. Abeytia, 5 N. M. 533; Green v. Elbert, 137 U. S. 621, 34 L. 795.

## STATEMENT OF FACTS.

This is an action to foreclose a certain mortgage and to apply the proceeds derived from the sale of the mortgaged property to the payment of two promissory notes.

The mortgage and the notes secured thereby were executed by the appellant and by him delivered to one F. J. Davidson, the mortgagee and payee named therein, who afterwards assigned them to appellee.

Both of the notes are dated, May 15th, 1901, and bear interest at the rate of 8% per annum from date, until paid. One of the notes was for the sum of $5,000.00, and on it a payment of $2,500.00 was made on April 26th, 1902, and the other note was for the sum of $6,000.00 but no payment has been made on it. Both notes were past due when suit was brought to foreclose.

On September 10th, 1904, judgment was entered in the district court of Grant county against Chandler, the maker of the notes in the sum of $11,016.60 for the principal and interest due on the notes, and a foreclosure of the mortgaged property was ordered.

From this judgment, one of the defendants, Weld C. Chandler, appealed, but the other defendants have not joined in the appeal.

### OPINION OF THE COURT.

MILLS, C. J.—The record in this case is not at all voluminous. The appellant introduced no evidence, nor were any exceptions saved to any of that introduced by the appellee.

Appellant claims that no joinder in error was filed in the supreme court within the statutory time as required by Section 3140, Compiled Laws of 1897. We do not think in the case at bar that the point is well taken, for Sec. 3140, Compiled Laws of 1897, was repealed by Sec. 3, Chap. 114, Laws of 1905, and the law now is that "unless exception is filed or taken to the assignment of error the opposite party shall be deemed to have joined in error upon the assignment of error so filed." In this case as no exception was filed or taken by appellee to the assignment of errors filed by appellant, no formal joinder in error was necessary.

But two errors are assigned, to-wit: 1. That the amount for which judgment was rendered by the district court was excessive, and; 2nd. That the computation of the interest included in the judgment of the district

court, is erroneous, and that the interest covered thereby is excessive.

The main point discussed in the briefs is as to the manner in which interest should be computed upon the note for $5,000—on which the sum of $2,500, was paid. There is no question as to the $6,000 note, as no payment has been made upon it.

An examination of the record discloses that on April 26th, 1902, which was after the note became payable, $2,500, was paid and the payment was endorsed upon the $5,000 note (neither the principal or any interest then being due on the note for $6,000) in the following words: "Paid upon within April 26, 1902, $2,500." This endorsement does not disclose that an application of the payment was made by either the maker or the holder of the note, consequently it became the duty of the court to direct its application. 18 Am. & Eng. Ency. of Law, 1st Ed. p. 245, note 1. This the court did by following the Massachusetts and not the Connecticut rule; that is, the partial payment, instead of being applied directly to the discharge of the principal, was first applied to the payment of the interest then due on the note, and there being more than enough to pay the interest, the remainder was applied, as far as it would go, to the payment of the principal of the note. The Massachusetts rule for computing interest, when partial payments are made, is the one used by most of the courts of this country, including the supreme court of the United States, and is, we think the proper one. Storry v. Livingston, 13 Pet. 359; Connecticut v. Jackson, 1 John. Ch. 13; Hart v. Dorman, 2 Fla. 447. There seems to have been no error in the computation of interest or in the amount of the judgment given by the court below. Even if there had been, we think that it was the duty of the counsel for appellant, to have called it to the attention of the court below at the time the decree was signed, so that the trial judge might have corrected the same.

Appellee asks that damages be awarded him under Sec. 3142, Compiled Laws of 1897, claiming that the appeal taken was trivial and was made only for the purpose of delay. We have carefully examined the entire

record, and have come to the conclusion that this is a proper case in which to award damages against the appellant, and the appellee is therefore awarded the sum of 5% damages upon the sum of $11,016.60, that being the amount of the judgment recovered in the lower court by appellee.

We therefore affirm the judgment complained of and remand the cause to the district court of the county of Grant, and direct the said district court to add to the judgment already given, $550.83, that being 5% upon the sum of $11,016.60 the original amount of the judgment, and that said sum of $550.83 shall bear interest at the rate of 6% per annum, from the date of the filing of this opinion, until paid, and it is so ordered.

Ira A. Abbott, A. J., John R. McFie, A. J., Wm. H. Pope, A. J., Edward A. Mann, A. J, concur

Parker, A. J., having tried the cause below took no part in this decision.