# MOSS v. RAMEY.

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 61. Argued December 9, 1915.—Decided January 10, 1916.

The inference naturally arising from the silence of the field notes and plat that there was no island at the time of the survey, or if any, only one of inconsiderable area and value, is refutable; and in this case the evidence does refute such inference and demonstrates the existence of the island in its present condition at the time of the survey.

An error of the surveyor in failing to extend a survey over an island in a river does not make it any the less a part of the public domain.

Fast dry land, which is neither a part of the bed of a river nor land under water, being part of the public domain within the Territory of Idaho did not pass to the State on admission to the Union but remained public land as before.

Patents to lots of land abutting on a river do not include actual islands of fast dry land and of stable foundation lying between the lots and the thread of the stream. *Whitaker* v. *McBride*, 197 U. S. 510, distinguished.

An appellate court of a State may, without violating the Fourteenth Amendment, correct its interlocutory decision upon a first appeal when the same case with the same parties again comes before it; and whether this may be done in a particular case is a local question upon which the decision of the highest court of the State is controlling here.

25 Idaho, 1, affirmed.

THE facts, which involve the title under patents of the United States to an unsurveyed island in Snake River between the States of Oregon and Idaho, are stated in the opinion.

*Mr. Oliver O. Haga,* with whom *Mr. James H. Richards* and *Mr. McKeen F. Morrow* were on the brief, for plaintiffs in error:

Whether title to land which has once been the property of the United States has passed from the Federal Government, must be resolved by the laws of the United States. *Wilcox* v. *Jackson,* 13 Pet. 498–517; *Irvine* v. *Marshall,* 20 How. 558; *Gibson* v. *Choteau,* 13 Wall. 92.

When land patented by the United States Government under the public land laws is shown by the official plat of the survey as bordering on a fresh water river, the body of water whose margin is meandered is the true boundary and not the meander line. · *Hardin* v. *Jordan,* 140 U. S. 371, 380; *St. Clair Co.* v. *Lovingston,* 90 U. S. 46; *Mitchell* v. *Smale,* 140 U. S. 406; *St. Paul & P. R. R.* v. *Schurmeier,* 74 U. S. 272; *Jefferis* v. *East Omaha Land Co.,* 134 U. S. 178; *Middleton* v. *Pritchard,* 4 Illinois, 514; *Houck* v. *Yates,* 82 Illinois, 179; *Fuller* v. *Dauphin,* 124 Illinois, 542; *Knudson* v. *Omason* (Utah), 27 Pac. Rep. 250.

One of the important rights of a riparian owner is access to the navigable part of a river from the front of his land.

*St. Louis* v. *Rutz*, 138 U. S. 226; *Dutton* v. *Strong*, 1 Black, 23; *St. Paul & P. R. R.* v. *Schurmeier*, 7 Wall. 272; *Yates* v. *Milwaukee*, 10 Wall. 497.

When land is bounded by a river, the water is appurtenant to the land and constitutes one of the advantages of its situation, and a material part of its value, and enters largely into the consideration for acquiring it, and for the Government to later survey and dispose of the strips of land that were left between the meander line and the body of water purporting to have been meandered, is an injustice to the original entryman or patentee who acquired the meandered lots under the belief that they extended to the river or other body of water, and a re-survey and sale of such land should not be permitted except in case of fraud or palpable mistake in the original survey. Cases *supra*, and see *Lamprey* v. *State*, 52 Minnesota, 181; *Grand Rapids &c. R. R.* v. *Butler*, 159 U. S. 87; *Chandos* v. *Mack*, 77 Wisconsin, 573.

Except in cases of omission by accident, fraud or palpable mistake, the United States has no authority to make surveys, subsequent to patent to the upland, of any land between the meander line and the body of water purporting to have been meandered in the original survey. Cases *supra*, and see *Moore* v. *Robbins*, 96 U. S. 530, 533; *Franzini* v. *Layland*, 120 Wisconsin, 72; *Davis* v. *Wiebold*, 139 U. S. 507; *St. Louis Smelting Co.* v. *Kemp*, 104 U. S. 636, 646; *Lindsey* v. *Hawkes*, 2 Black. 554, 560; *Cragin* v. *Powell*, 128 U. S. 691; *Webber* v. *Pere Marquette Co.*, 62 Michigan, 635; *Shufelt* v. *Spaulding*, 37 Wisconsin, 662; *State* v. *Lake St. Clair Fishing Club*, 127 Michigan, 587.

Where the Government has never complained of either fraud or mistake in the original survey, a squatter on land between the meander line and the water cannot be heard to complain that the Government has parted with title to a larger acreage than it received pay for, and as be-

tween such squatter and the riparian owner, the latter has the better title. *Whitaker* v. *McBride*, 197 U . S. 510.

Where a survey and patent show a river to be one of the boundaries of the tract, it is a legal deduction that there is no vacant land left for appropriation between the river and the river boundary of such tract. Cases *supra*, and see *Churchill* v. *Grundy*, 5 Dana, 100; *St. Louis* v. *Rutz*, 138 U. S. 243; *Ross* v. *Faust*, 54 Indiana, 475; 23 Am. Rep. 658; *Turner* v. *Parker*, 14 Oregon, 341; 12 Pac. Rep. 496.

Where surveys have been made and lands entered in reliance upon the decisions of this court that the riparian owner took to the water purporting to have been meandered, such decisions will be held to constitute rules of property, and the riparian owner will be protected accordingly.

Material allegations of the complaint not denied by the answer are deemed admitted, and such admissions are conclusive on appeal. Section 4217, Idaho Rev. Codes; *Broadbent* v. *Brumback*, 2 Idaho, 366; *Knowles* v. *New Sweden*, 16 Idaho, 217; 2 Ency. Law and Pr. 179; *Tex. & Pac. Ry.* v. *Abilene Cotton Co.*, 204 U. S. 426; *Eakin* v. *Frank*, 21 Montana, 192.

The claim that the land in controversy was still part of the public domain was not raised in the trial court on the second trial, and the Supreme Court of Idaho had no power to reverse that court and determine that it was public land and that title had not passed to plaintiffs in error. Sections 3817, 4824, Idaho Rev. Codes; *Lamkin* v. *Sterling*, 1 Idaho, 120, 123; *Miller* v. *Donovan*, 11 Idaho, 545; *Medbury* v. *Maloney*, 12 Idaho, 634; *Marysville* v. *Home Ins. Co.*, 21 Idaho, 377; *Pomeroy* v. *Gordan*, 25 Idaho, 279.

The action of the Supreme Court in going entirely outside the record to determine that the land in controversy

was public land and that title had not passed to plaintiffs in error was a denial of the equal protection of the laws and of due process of law. 5 Ency. U. S. Sup. Ct. Rep., p. 618.

Where a question necessary for the determination of a case has been presented to and decided by an appellate court, such decision becomes the law of the case in all subsequent proceedings in the same action and is a final adjudication, from the consequences of which the court cannot depart nor the parties relieve themselves. *Westerfield* v. *N. Y. Life Ins. Co.*, 157 California, 339; *Lindsay* v. *People,* 1 Idaho, 438; *Hall* v. *Blackman*, 9 Idaho, 555; 75 Pac. Rep. 608; *Hunter* v. *Porter*, 10 Idaho, 86; 77 Pac. Rep. 439; *Steve* v. *Bonners Ferry Co.*, 13 Idaho, 384, 394; *Gerber* v. *Nampa*, 19 Idaho, 765; *Nampa* v. *Irrigation Dist.*, 23 Idaho, 422; *Himely* v. *Rose*, 5 Cr. 313; *Skillern* v. *May*, 6 Cr. 267; *Martin* v. *Hunter*, 1 Wheat. 374; *Browder* v. *McArthur*, 7 Wheat. 55; *The Santa Maria*, 10 Wheat. 430; *Sibbald* v. *United States*, 12 Pet. 488; *Washington Bridge Case*, 3 How. 411; *Sizer* v. *Many*, 16 How. 98; *Roberts* v. *Cooper*, 20 How. 467; *Cook* v. *Burnley*, 76 U. S. 672; *Maguire* v. *Tyler* (*Tyler* v. *Maguire*), 17 Wall. 253, 294; *Supervisors* v. *Kennicott*, 94 U. S. 498; *The Lady Pike*, 96 U. S. 461; *Ames* v. *Quimby*, 106 U. S. 342; *Clark* v. *Keith*, 106 U. S. 464; *Chaffin* v. *Taylor*, 116 U. S. 567; *Barney* v. *Winona Ry.*, 117 U. S. 231; *Gaines* v. *Caldwell*, 148 U. S. 228; *Re Sanford Fork Co.*, 160 U. S. 247; *Gt. West. Tel. Co.* v. *Burnham*, 162 U. S. 339; *Thompson* v. *Maxwell Land Grant Co.*, 168 U. S. 456; *Hunt* v. *Ill. Cen. Ry.*, 184 U. S. 77; *United States* v. *Camou*, 184 U. S. 572; *Mutual Life Ins. Co.* v. *Hill*, 193 U. S. 551; *Richardson* v. *Ainsa*, 218 U. S. 289; *Balch* v. *Haas*, 73 Fed. Rep. 974; *Hailey* v. *Kirkpatrick*, 104 Fed. Rep. 647; *Montana Min. Co.* v. *St. Louis Min. Co.*, 147 Fed. Rep. 897; *Taenzer* v. *Chi., Rock. Isld. Ry.*, 191 Fed. Rep. 543.

This rule applies regardless of whether the previous decision is right or wrong and is a limitation on the court's power and not a mere rule of practice. Cases *supra,* and see *Chaffin* v. *Taylor,* 116 U. S. 567; *Gaines* v. *Caldwell,* 148 U. S. 228; *Hunter* v. *Porter,* 10 Idaho, 86; *Leese* v. *Clark,* 20 California, 388, 416.

The cases from this court relied upon by the Supreme Court of Idaho to justify its departure from the rule of law of the case do not sustain its action. *United States* v. *D. & R. G. Ry.,* 191 U. S. 83; *Zeckendorf* v. *Steinfeld,* 225 U. S. 445; *Messinger* v. *Anderson,* 225 U. S. 436; *Ches. & Ohio Ry.* v. *McCabe,* 213 U. S. 207; *King* v. *West Virginia,* 216 U. S. 92; *Remington* v. *Cent. Pac. Ry.,* 198 U. S. 95; *Gt. West. Tele. Co.* v. *Burnham,* 162 U. S. 339; *Nor. Pac. Ry.* v. *Ellis,* 144 U. S. 458.

The rule of law of the case applies to intermediate appellate courts and to the highest courts of a State where Federal questions are involved, and if, pending a second appeal, the rule of law on which such a decision was based is changed by a higher court, the lower court has no power to reverse or modify its original decree. *Silva* v. *Pickard,* 14 Utah, 245; 47 Pac. Rep. 144; *Dist. of Col.* v. *Brewer,* 32 App. D. C. 388; *Ogle* v. *Turpin,* 8 Ill. App. 453; *Herr* v. *Graden* (Colo.), 127 Pac. Rep. 319; *Bank of Commerce* v. *State,* 96 Tennessee, 591.

Under the laws of Idaho, the remittitur from the Supreme Court went down twenty days after the decision on the first appeal, and as such decision construed a Federal grant and determined the rights of plaintiffs in error to the land in controversy, the judgment of that court became final upon the expiration of the two years allowed for issuance of writ of error from this court, and the Idaho Supreme Court was without power on a subsequent appeal five years later to reverse such judgment, and its action in doing so impairs a vested right under such Federal grant. Section 3818, Idaho Rev. Codes;

Rules 60 and 61, Supreme Court of Idaho; *Moss* v. *Ramey*, 14 Idaho, 598; 25 Idaho, 1.

The findings of the trial court on the issue of adverse possession were conclusive both on this court and the state Supreme Court, and the Federal questions in this case being decisive of the whole controversy, this court, if it finds the decision of the state court on such questions erroneous, should order the affirmance of the decision of the trial court. *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86; *Robertson* v. *Moore*, 10 Idaho, 115; 77 Pac. Rep. 218; *Mellen* v. *Gt. West. Sugar Co.*, 21 Idaho, 353, 363; *Weeter Lumber Co.* v. *Fales*, 20 Idaho, 255; *Miller* v. *Blunck*, 24 Idaho, 234; *Murdock* v. *Memphis,* 20 Wall. 590, 642; *Fairfax* v. *Hunter*, 7 Cr. 603, 628; *Martin* v. *Hunter,* 1 Wheat. 304, 323, 362; *Magwire* v. *Tyler*, 17 Wall. 253, 293; *Stanley* v. *Schwalby*, 162 U. S. 255, 283.

*Mr. Will R. King* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit to quiet the title to an unsurveyed island in the Snake River, a navigable stream, the thread of which at that place is the dividing line between the States of Oregon and Idaho. The island lies between the main channel and the bank on the Idaho side and is separated from the latter by a lesser channel from 100 to 300 feet in width which carries a considerable part of the waters of the river, save when it is at its lower stages. The plaintiffs hold patents from the United States, issued in 1890 and 1892, for certain lots on the Idaho side opposite the island and claim it under these patents; while the defendant insists that it remains public land and that he has a possessory right to it acquired by settling thereon in 1894 and subsequently improving and cultivating it.

The island contains about 120 acres, has banks rising abruptly above the water, is of stable formation, has a natural growth of grass and of trees suitable for firewood, and evidently has been in its present condition since long before the adjacent lands on the Idaho side were surveyed, which was in 1868. The field notes and plat represented the survey as extending to the river, but made no mention of the island. They also represented the lots or fractional tracts immediately opposite the island as containing 110.40 acres. The patents under which the plaintiffs claim described the lots by giving the numbers assigned and the acreage accredited to them on the plat and then saying "according to the official plat of the survey of the said land returned to the General Land Office by the Surveyor General." The trial court concluded that the island remained unsurveyed public land and that the plaintiffs' lands extended only to the river, and rendered judgment against the plaintiffs. They appealed and the Supreme Court of the State held, one member dissenting, that the patents passed the title not only to the lots, as shown on the plat, but also to all islands lying between them and the thread of the stream. The judgment was accordingly reversed and a new trial ordered to determine whether the plaintiffs had lost title to the island through adverse possession. 14 Idaho, 598. Upon the new trial judgment was given for the plaintiffs and the defendant appealed. The Supreme Court, in deference to our intermediate decision in *Scott* v. *Lattig*, 227 U. S. 229, then recalled its decision upon the first appeal, reversed the judgment rendered upon the second trial and remanded the cause with a direction to dismiss it. 25 Idaho, 1. The plaintiffs bring the case here.

While the inference naturally arising from the silence of the field notes and plat is that the island was not there at the time of the survey, or, if there, was a mere sand bar or of inconsiderable area and value, what is shown and

conceded respecting its stable formation, elevation, size and appearance, completely refutes this inference and demonstrates that the island was in its present condition at the time of the survey and when Idaho became a State, which was twenty-two years later.

Thus the facts bearing on the status of the island and the operation of the patents are essentially the same as in *Scott* v. *Lattig*, and, in view of what was there held, it suffices to say: The error of the surveyor in failing to extend the survey over the island did not make it any the less a part of the public domain. It was fast dry land, and neither a part of the bed of the river nor land under water, and therefore did not pass to the State of Idaho on her admission into the Union but remained public land as before. The descriptive terms in the patents embraced the lots abutting on the river, as shown on the plat, but not this island lying between the lots and the thread of the stream. *Chapman & Dewey Lumber Co.* v. *St. Francis Levee District*, 232 U. S. 186; *Gauthier* v. *Morrison*, 232 U. S. 452; *Producers Oil Co.* v. *Hanzen*, 238 U. S. 325. The claim that the island passed under the patents is therefore ill founded. The case of *Whitaker* v. *McBride*, 197 U. S. 510, upon which the plaintiffs rely, is distinguishable in that what was there claimed to be an island contained only 22 acres and was not shown to be of stable formation, and the Land Department had repeatedly refused to treat it as public land.

It is contended that the decision upon the first appeal became the law of the case and that by recalling that decision when considering the second appeal the court infringed upon the due process of law clause of the Fourteenth Amendment. The contention must fail. There is nothing in that or any other clause of the Fourteenth Amendment which prevents a State from permitting an appellate court to alter or correct its interlocutory decision upon a first appeal when the same case with the same

parties comes before it again; and whether this is permitted is a question of local law, upon which the decision of the highest court of the State is controlling here. *King* v. *West Virginia*, 216 U. S. 92, 100; *John* v. *Paullin*, 231 U. S. 583.

It also is contended that under the due process of law clause of such Amendment the court was not at liberty upon the second appeal to change its first decision, because after the case was remanded for a new trial the defendant acquiesced in that decision by an amendment to his answer completely eliminating from the case all controversy respecting the status of the island and the operation of the patents. This contention is without any real basis in the record. The original answer is not before us but the amended one is, and it, in addition to otherwise traversing the plaintiffs' allegation of ownership, expressly denies that they or either of them "have any right, title or interest whatever in any portion" of the island. And examining the evidence taken on the second trial we find that the defendant was then still insisting that the island was public and not private land. It is idle therefore to claim that the point involved in the first decision was completely eliminated from the case between the two appeals. Whether, if the record were otherwise, it could be said that there was an abuse of due process need not be considered.

*Judgment affirmed.*