ROOKER ET AL. *v.* FIDELITY TRUST COMPANY
ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 285. Motion to dismiss or affirm submitted January 25, 1923.—
Decided February 19, 1923.

1. An objection that a state statute violates the Federal Constitution, not presented to the state trial court, nor to the State Supreme Court except by a petition for rehearing which was denied without opinion, will not support a writ of error from this court. P. 116.
2. The claim that a decision of a State Supreme Court, by construing an agreement otherwise than it had construed it upon a former, interlocutory appeal in the same case, impaired the obligation of the agreement and violated rights under the Fourteenth Amendment, will not sustain a writ of error under Jud. Code, § 237, as amended by the Act of 1916. P. 117.

Writ of error to review 131 N. E. 769, dismissed.

ERROR to a judgment of the Supreme Court of Indiana. The case is stated in the opinion.

*Mr. William V. Rooker, Mr. Floyd G. Christian* and *Mr. Ralph H. Waltz* for plaintiffs in error.

*Mr. Charles E. Cox* and *Mr. Henry Seyfried* for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

For present purposes this case may be shortly stated. A wife and husband, both financially embarrassed, transferred certain land in Indiana to a corporate trustee pursuant to an arrangement whereby the trustee was to advance moneys for their benefit, assist in procuring advances from others, protect the title, ultimately sell the land, use the proceeds in satisfying such mortgages or liens as might be superior to the rights of the trustee and in repaying moneys advanced by it and by others, and turn the residue over to the wife, her personal representatives or assigns. The purpose of the transfer and the engagements of the parties were set forth in two deeds and a trust agreement, all executed the same day. Differences afterwards arose between the parties, and the grantors brought a suit in a state court in Indiana against the trustee charging that it had violated and repudiated the trust, demanding damages and an accounting, and praying that the trustee be removed and a receiver appointed to administer the trust. The trustee answered taking issue with portions of the complaint, and in an amended cross complaint set up what it claimed had been done under the trust agreement, alleged in substance that the trustee was not in default but stood ready to carry out the trust and was being hindered and obstructed by the plaintiffs, and prayed that the title of the trustee, as such, be

quieted, that further hindrance and obstruction by the plaintiffs be enjoined, that an accounting be had and that the trustee then be directed to make a sale under the trust agreement and to distribute the proceeds according to its provisions. The plaintiffs traversed portions of the amended cross complaint. Thereafter a trial of the issues was had and the court made a special finding of facts favorable to the trustee and entered judgment thereon substantially as prayed in the amended cross complaint. The Supreme Court of the State affirmed the judgment, 131 N. E. 769, and at the solicitation of the plaintiffs the Chief Justice of that court allowed the present writ of error.

The trustee challenges our jurisdiction on the ground that the case is not one the judgment in which may be reviewed by us on writ of error. The challenge is well taken unless the case comes within that part of § 237 of the Judicial Code as amended September 6, 1916, c. 448, 39 Stat. 726, which provides:

"A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity, may be reexamined and reversed or affirmed in the Supreme Court upon a writ of error."

It is conceded that there was no effort to question the validity of any treaty or law of, or authority exercised under, the United States. But the plaintiffs insist that the validity of a statute of Indiana relating to conclusions stated in pleadings and the mode of securing better state- ments, c. 322, Acts 1913; c. 62, Acts 1915, was drawn in

question by them on the ground of the statute's repugnance to various provisions of the Constitution of the United States and that the court upheld and applied the statute. Of course, in determining whether that question was raised and decided we must be guided by the record. *Butler* v. *Gage,* 138 U. S. 52, 56; *Zadig* v. *Baldwin,* 166 U. S. 485, 488. It has been examined and we find it does not show that the question was raised in any way prior to the judgment of affirmance in the Supreme Court. In their assignments of error on the appeal to that court the plaintiffs said nothing about the statute or its validity; nor was there any reference to either in the court's opinion. All that appears is that after the judgment of affirmance the plaintiffs sought to raise the question by a petition for rehearing, which was denied without opinion. But that effort came too late. *Bushnell* v. *Crooke Mining & Smelting Co.,* 148 U. S. 682, 689; *Godchaux Co.* v. *Estopinal,* 251 U. S. 179; *Citizens National Bank* v. *Durr,* 257 U. S. 99, 106. Federal questions, like others, should be presented in an orderly way before judgment. *Dewey* v. *Des Moines,* 173 U. S. 193, 200. And see *John* v. *Paullin,* 231 U. S. 583, 585; *Atlantic Coast Line R. R. Co.* v. *Mims,* 242 U. S. 532, 535. It is at least doubtful that the question is one of any substance, but its tardy presentation renders further notice of it unnecessary.

The case had been before the Supreme Court of the State on a prior appeal and the court had then construed the trust agreement and dealt in a general way with the rights of the parties under it. *Rooker* v. *Fidelity Trust Co.,* 185 Ind. 172. Referring to this, the plaintiffs, by way of asserting another ground for the writ of error, claim that on the second appeal the court took and applied a view of the trust agreement different from that taken and announced on the first appeal, and that this change in decision impaired the obligation of the agreement contrary to the contract clause of the Constitution

of the United States and was a violation of the due process and equal protection clauses of the Fourteenth Amendment. Plainly this claim does not bring the case within the writ of error provision. Both decisions were in the same case. The first was interlocutory (185 Ind. 187–188); the second final. Concededly the case was properly before the court on the second appeal; the plaintiffs evidently thought so, for they took it there. Whether the second decision followed or departed from the first, it was a judicial act, not legislative. The contract clause of the Constitution, as its words show, is directed against impairment by legislative action, not against a change in judicial decision. It has no bearing on the authority of an appellate court, when a case is brought before it a second time, to determine the effect to be given to the decision made when the case was first there. *Cross Lake Shooting & Fishing Club* v. *Louisiana,* 224 U. S. 632, 638; *Ross* v. *Oregon,* 227 U. S. 150, 161; *Seattle, Renton & Southern Ry. Co.* v. *Linhoff,* 231 U. S. 568; *Kryger* v. *Wilson,* 242 U. S. 171, 177; *Columbia Railway, Gas & Electric Co.* v. *South Carolina, post,* 236. And see *King* v. *West Virginia,* 216 U. S. 92, 100; *Messenger* v. *Anderson,* 225 U. S. 436, 444. Assuming that the objection to a change in decision was seasonably presented, it amounted to nothing more than saying that in the plaintiffs' opinion the court should follow the first decision. It did not draw in question the validity of an authority exercised under a State in the sense of the writ of error provision. *Philadelphia & Reading Coal & Iron Co.* v. *Gilbert,* 245 U. S. 162, 166; *Stadelman* v. *Miner,* 246 U. S. 544, 546; *Moss* v. *Ramey,* 239 U. S. 538, 546; *Gasquet* v. *Lapeyre,* 242 U. S. 367, 369. Whether there was any substantial change in decision we need not inquire.

There is no other ground which tends even remotely to sustain the writ of error.

*Writ of error dismissed.*