A. Y. Oates, *et ux.*, v. New York Life Insurance Co.

198 So. 681
(Fifth Appeal)
En Banc
Opinion Filed November 12, 1940
Rehearing Denied December 9, 1940

*Ira C. Hopper, Emory E. Walker* and *J. Lewis Hall,* for Appellants;

*Bradford G. Williams, Raymond D. Knight, Henry P. Adair* and *John M. McNatt,* for Appellee.

Per Curiam.—This suit was brought in the Circuit Court for Polk County, Florida, to foreclose a mortgage lien upon homestead property held by husband and wife by the entireties, the defense being that the wife's execution of the mortgage was not acknowledged by her before an officer as required by the statute. Section 5676 (3803) C. G. L. The wife signed the note and mortgage, and the officer's certificate states that she acknowledged before him the due execution of the mortgage by her.

The decree appealed from was for plaintiff and was reversed for error in striking evidence as to whether the married woman duly acknowledged the execution of the mortgage. Oates v. New York Life Ins. Co., 113 Fla. 678, 152 So. 671.

The second appeal was from a final decree for the defendants, estoppel being one of the issues. The opinion of this Court discussed the principles of law applicable to estoppel by conduct of the married woman who signed the mortgage to deny that she acknowledged the execution of the mortgage before the officer whose certificate of her acknowledgment was a part of the mortgage instrument when it was delivered to the mortgagee. Such an issue of estoppel had not been decided in any previous case in this Court. The decree appealed from was reversed without prejudice, "with directions that the whole cause be remanded to the circuit court for further consideration and disposition, after a full rehearing and reconsideration of all the issues of law and fact in the light of the opinion of this Court hereinbefore approved by a majority of the Court as the applicable law of this case to be considered and applied in its disposition." New York Life Ins. Co. v. Oates, 122 Fla. 540, text pages 552, 566, 166 So. 269, text pages 273, 279.

On the third appeal from a final decree for the plaintiff, the opinion discussed the evidence and the law; and, as it appeared that though the chancellor had discussed the evidence and made findings on the question of estoppel, he had not *adjudicated* the issue of estoppel; and as this Court has only appellate jurisdiction in chancery matters, the Court would not anticipate a *decision* of the chancellor on the issue of estoppel; and at the conclusion of the discussion in the opinion this Court rendered its appellate decree as follows:

"The decree of the chancellor is reversed with directions to adjudicate the question of estoppel as the same is involved

against Mrs. Oates, and in so doing determine whether the evidence discloses in this case that by her words or deed she authorized her husband to cause the certificate of acknowledgment to be made out in her absence to the end that a loan, as set forth in the instrument, might be procured from the mortgagee. Reversed." Oates v. New York Life Ins. Co., 130 Fla. 851, 178 So. 570.

The fourth appeal was from a final decree adjudicating the issue of estoppel against the contentions of plaintiff and dismissing the foregoing suit. New York Life Ins. Co. v. Oates, 141 Fla. 164, 192 So. 637.

The opinion of this Court on the fourth appeal contains the following:

"Under the circumstances shown, the wife is, by her conduct in signing and delivering the mortgage to her husband thereby enabling him to make the mortgage effective, estopped in law to impeach the validity of the official certificate of acknowledgment that is legal on its face as a full compliance with the requirements of the Constitution and the statutes in the execution of mortgages of homestead real estate and of her interest in the real property held by the entireties.

"This merely estops the wife from claiming against the mortgage and leaves the mortgage as it was delivered and recorded, being on its face a complete compliance with the requirements of the Constitution and statutes in the premises. The Constitution is not violated. Both the husband and the wife signed the mortgage, thereby joining in its execution as required by the Constitution. The mortgage is on its face executed and acknowledged, as required by the statute. The wife's conduct in willingly signing and delivering the mortgage to her husband enabled him to have the requisite official certificate to acknowledgment affixed to the mortgage in her absence; and on the evidence in this case

the law imputes to the wife knowledge that the mortgage she had signed and delivered was intended by her husband to be made effective under the law as security for a loan.

"Even if Mrs. Oates did not know that the law required mortgages of real estate executed by her to be acknowledged. before an officer separate and apart from her husband, and even if she also did not know the mortgage she signed in this instance embraced the homestead, it must be assumed that she did intend the mortgage she signed to be made effective according to its terms. On this record the inference is fair and convincing that, in accordance with her usual course in previously signing many such documents when requested by her husband, she willingly signed the mortgage knowing she was joining her husband in executing an instrument affecting the title to real estate with the tacit understanding on her part that such execution of the instrument was intended by her husband to be made effective for the purpose shown by the contents of the instrument signed by her and by her husband.

"The mortgage was, on its face, when delivered to the mortgagee and as recorder, properly signed, witnessed and acknowledged by the husband and wife as required by the Constitution and the statutes; and as both the husband and the wife intentionally signed the mortgage; and as the wife committed the signed mortgage to the husband for the purpose as intended by him, whom she trusted in all such matters, thereby enabling him to have the required attestation and the official acknowledgment certificate supplied so as to make the mortgage show on its face a complete compliance with the law in its execution and acknowledgment, and as the validity of the mortgage had not been contested by her and had been for several years recognized and acted upon by the husband in receiving the consideration for the mortgage and in paying installments thereon, the wife will not

in a court of equity be permitted to now avoid the mortgage by testimony that, though an official certificate of her acknowledgment of the execution of the mortgage before the officer is shown on the mortgage and on the record of it, yet such acknowledgment was not in fact made by her before the officer who made the certificate of acknowledgment. The certificate is in law *prima facie* and presumptively valid to make effective the mortgage signed by husband and wife, unless and until it is duly shown to be invalid for duress or other cause that may be presented under the law. The plaintiff is the assignee for full value of the note and mortgage and is entitled to the rights the law accords to a bona fide assignee without notice of any latent defect in the apparently duly executed and acknowledged mortgage as shown by the mortgage and by the record of it. See McClure v. American Nat. Bank, 67 Fla. 32, 64 So. 427; Reasoner v. Fisikelli, 114 Fla. 102, 153 So. 98.

"This decision is not an attempt to nullify or to disregard the requirements of the Constitution and the statutes on the subject of the conveyance or mortgage of homestead real estate. The mortgage and the record of it as made show a complete execution and acknowledgment of the mortgage by the husband and the wife as is required by the statute. They are in law estopped by their conduct to impeach the mortgage upon the facts shown by the record.

"The mortgage contract is authorized by law; it is mutual and customary; it has been fully performed by the mortgagee in making the $15,000 loan, and it has been performed in part by the mortgagor husband; the bona fide assignee of the mortgagee for full value is entitled to have performance by the mortgagors; equity will not prevent performance on a record justifying an estoppel against the husband and wife mortgagors who seek to have the mortgage ad-

judged to be void and ineffectual on the ground that the wife did not make the acknowledgment before the officer, though both she and her husband signed the note and the mortgage. There is no duress or fraud involved and the conduct of the mortgagors misled the mortgagee. The bona fide assignee of the note and mortgage for full value is legally and justly entitled to appropriate remedy and relief. This accords with the command of the Constitution that 'right and justice shall be administered' in the courts 'by due course of law.' Sec. 4, Declaration of Rights. * * *

"The decree is reversed and the cause remanded for an appropriate decree to be rendered for plaintiff."

The present appeal is from a final decree for the plaintiff rendered pursuant to the decree of this Court on the last preceding appeal as stated above.

Before the final decree here appealed from was rendered by the chancellor, counsel for the mortgagor defendants, by motion challenged the jurisdiction of the chancellor to render the decree required by the decree of this Court, alleging in effect that the law of the case was settled on the third appeal in favor of the defendants, and that this Court could not thereafter direct a decree for the plaintiff on the fourth appeal as above shown.

The contention is not well founded for the reason that on the third appeal the chancellor had not *adjudicated* the issue of estoppel; and as this Court has only appellate jurisdiction in chancery cases, the opinion on the third appeal (130 Fla. 851) discussed the facts and the law, but did not then adjudicate the issue of estoppel, because it had not been adjudicated by the chancellor; but by its appellate decree evidenced by the mandate issued thereon, this Court reversed the decree from which the third appeal was taken "with directions to adjudicate the question of estoppel," as shown in the quotations above.

The mandate of this Court on the fourth appeal directed the chancellor below, in part, to enter a decree for the plaintiff. On March 1, 1940, the lower court entered a final decree for the plaintiff, and from said final decree the defendant below appealed and the case makes its appearance here for the fifth time. The appellee filed a motion to dismiss the fifth appeal on grounds, in part, viz.: (a) the appeal is frivolous; (b) it clearly appears from the record that the decree should be affirmed; (c) every material point raised has been adjudicated.

The fifth appeal was heard by this Court on the motion to dismiss and on the merits on briefs and oral argument of counsel for the respective parties. Counsel for appellants contend that "the law of the case" was settled and fixed by the opinion prepared by Mr. Justice ELLIS and adopted by this Court and reported in 130 Fla. 851, 178 So. 570, commonly referred to as the third appeal. It is contended by counsel for appellee that "the law of the case" was not settled by this Court in the third appeal, but at the most it directed the chancellor to determine from the evidence the question of estoppel on the part of Mrs. Oates, and the chancellor made his finding from the evidence that Mrs. Oates was not estopped and dismissed the suit, and that on the fourth appeal here the findings of fact and the adjudication thereon as made by the chancellor and the dismissal of the suit were by this Court reversed and a mandate issued directing the entry of a final decree for the plaintiff and that the "law of the case" was settled by this Court on the fourth appeal. See New York Life Ins. Co. v. Oates, 141 Fla. 164, 192 So. 637.

Counsel for appellants, in support of their contention that "the law of the case" was settled by the opinion of Mr. Justice ELLIS on the third appeal, cite Family Loan Co. v. Smetal Corp., 123 Fla. 900, 169 So. 48; Palm Beach Es-

tates v. Croker, 106 Fla. 617, 143 So. 792; Utley v. City of St. Petersburg, 121 Fla. 268, 163 So. 523, and other Florida cases. Likewise, that after the law of the case was settled, this Court was without power to change the law of the case in a subsequent opinion, and, if the law of the case was changed as intimated here on the fourth appeal, then the appellants have been denied due process of law. South Florida Trust Co. v. Miami Coliseum Corp., 101 Fla. 1351, 133 So. 334; 12 Am. Jur., Sec. 633, page 324. We are fully in accord with the law appearing in the cited authorities.

It is our conclusion that "the law of the case" was not settled by the opinion of Mr. Justice ELLIS and adopted by this Court on the third appeal, but on the other hand, "the law of the case" was settled and fully determined by this Court on the fourth appeal as reported in 141 Fla. 164, 192 So. 637. We are unable to appreciate the contention that a vested right was acquired under the law as enunciated by this Court in the third appeal so as to deprive them of fundamental rights. See King v. State of West Virginia, 216 U. S. 92, 30 Sup. Ct. 225, 54 L. Ed. 396; Moss v. Ramey, 239 U. S. 538, 36 Sup. Ct. 183, 60 L. Ed. 425; Rooker v. Fidelity Trust Co., 261 U. S. 114, 43 Sup. Ct. 288, 67 L. Ed. 556.

We fail to find error in the record and the final decree appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur. BROWN, J., concurs in judgment of affirmance.

THOMAS, J., agrees to conclusion.

BUFORD, J., dissents.